Jackie STANLEY, III, Appellee,

v.

Major O. L. HENDERSON and Major Bob DeJarnette, Correctional Officers, Arkansas Department of Correction, Appellants.

No. 78–1801.

United States Court of Appeals, Eighth Circuit.

Submitted May 2, 1979.

Decided May 4, 1979.

See also, 590 F.2d 752.

Bill Clinton, Atty. Gen. and James E. Smedley, Asst. Atty. Gen., Little Rock, Ark., on brief for appellants.

John B. Peace, of Davidson, Plastiras, Horne, Hollingsworth & Arnold, Little Rock, Ark., on brief for appellee.

Before HEANEY, STEPHENSON and McMILLIAN, Circuit Judges.

PER CURIAM.

Appellee Jackie Stanley, III, an inmate of the Cummins Unit of the Arkansas Department of Correction, filed a complaint for damages under 42 U.S.C. § 1983 against Major O. L. Henderson and Major Bob De-Jarnette, Correctional Officers of the Cummins Unit. Stanley alleged in his complaint that Henderson and DeJarnette, acting under color of state law, assaulted him, inflicting serious bodily injury. After trial to the court, the Honorable G. Thomas Eisele, Chief Judge of the United States District Court for the Eastern District of Arkansas, entered a judgment awarding Stanley $1,000.00 actual damages and $2,500.00 punitive damages against each defendant. Defendants then filed a timely motion for a

new trial, alleging *inter alia* that the judgment was excessive and against the manifest weight of the evidence and that new evidence had been discovered. The district court held a hearing on the newly discovered evidence issue and at the conclusion of the hearing denied defendants' motion for a new trial. Henderson and DeJarnette appeal.

The assaults occurred during an investigation of the theft on July 30, 1975, of boxes of "script," the money used by the prisoners at Cummins. Stanley was one of thirty-three prisoners interrogated about the theft. He was questioned on four separate occasions. The accounts of the interrogation as told by Stanley and Henderson and DeJarnette conflict with respect to all vital details.

Stanley testified that during the four sessions of questioning, defendants committed the following acts of violence without any provocation or justification: DeJarnette hit him on the back of the head with a slapper; Henderson and DeJarnette threw him down on the floor and kicked him in the head and mouth, breaking his false teeth and cutting his lip; Henderson struck his head repeatedly with a two-foot long fiberglass stick; Henderson and DeJarnette threw him down again and jumped on him.

Stanley testified that at the end of his ordeal he had footprints all over his front and back, was bruised all over, and that his fingers and feet were swollen so that he could not wear shoes.

Stanley was charged with stealing the script, was found guilty, and spent 21 days in maximum security.[1] He testified that after he was released from maximum security, he went to the infirmary because his hands and feet were still badly swollen from the beating.

Each defendant testified that (1) he did not assault Stanley, (2) he did not observe the other defendant or any other person assault him, and (3) Stanley did not appear to have been assaulted.[2]

Testimony by other witnesses for both sides was inconclusive, so that in the end the district court was faced with a credibility decision. Gary Duke, a member of the unit disciplinary committee which found Stanley guilty of stealing the script, testified that *as he best remembered,* Stanley did not appear to have been recently beaten up when he appeared at the disciplinary hearing conducted five days after the theft of the script.

A fellow inmate testified, on the other hand, that on the day of the interrogation, Stanley returned to the barracks after lunch with big bruises and a swollen face. Another inmate testified that Stanley returned from the interrogation with bruises and knots on his head. He stated that Stanley was crying and that it was obvious from his demeanor that he had been beaten up.

Jerry Campbell,[3] Assistant Warden of the Cummins Unit, testified that on the day of the theft he was in and out of the interrogation room during the investigation and thought he remembered Stanley being in the room on one occasion. He could not, however, remember what time of day it was. He testified that he did not observe either of the defendants strike an inmate during the interrogation.

Gilbert Myers, construction superintendent for the Arkansas Department of Correction, denied Stanley's testimony at the trial that Myers had told him where the stolen

---

1. Stanley denied stealing the script.

2. The defendants testified that during the course of the investigation, Stanley agreed to tell the location of the stolen money and help in its recovery if they would not reveal his participation to the other inmates. According to defendants, Stanley feared for his safety, so they agreed to call him into the office on several occasions in between interviews with other inmates. They testified that Stanley did tell them

where the stolen money was located, and that they thereafter recovered it.

3. Campbell was also named as a defendant. Stanley in his complaint alleged that the assaults by Henderson and DeJarnette occurred in Campbell's presence and that Campbell failed to stop them. The district court dismissed the complaint against Campbell. Stanley has not appealed that dismissal.

script had been found. Myers testified that he did not even know where much of it was found.

Finally, the prison dentist, Dr. Charles E. Barrett, testified that according to Stanley's dental records, Stanley was seen on October 13, 1975, and that his upper denture was cracked. Dr. Barrett was, however, unable to remember whether he himself had seen Stanley and thus could not testify whether Stanley had gone without his upper plate from July 30, 1975, to October 13, 1975, as Stanley had testified.

After hearing the evidence, the district court found that

> . . . both Major Henderson and DeJarnette did, without any justification or provocation, slap, beat and kick the plaintiff with their hands, their feet, and a slapper and a two-foot stick on one occasion—fiberglass type of stick—and they injured him in the head, the neck, the back, the ribs, hands, fingers; that in the course of one of these assaults, the plaintiff's false teeth were knocked out and broken.

Transcript of July 28, 1978, hearing at 32.

Appellants contend that these findings of fact are contrary to the evidence and clearly erroneous. They also contend that the district court failed to make adequate findings of fact as required by Fed.R.Civ.P. 52. We affirm.

We recently set forth the standard of review by an appellate court of a district court's findings of fact in *Southern Illinois Stone Co. v. Universal Engineering Corp.,* 592 F.2d 446, 451 (8th Cir. 1979). We stated that

> [u]nless we determine that these findings by the district court are clearly erroneous, we are bound to uphold its decision. And a finding of fact is only deemed clearly erroneous if it is not supported by substantial evidence, if it proceeds from an erroneous conception of the applicable law, or if on a consideration of the entire record the appellate

court is left with the definite and firm conviction that a mistake has been made. Fed.R.Civ.P. 52(a); *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 395 U.S. 100, 89 S.Ct. 1562, 23 L.Ed.2d 129 (1969); *School Dist. No. 54 v. Celotex Corp.,* 556 F.2d 883 (8th Cir. 1977), and cases cited therein.

■ This case was based almost entirely upon sharply conflicting oral testimony. As such, the issue was primarily one of the credibility of witnesses. As we recently reiterated in *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Goldman,* 593 F.2d 129 at 131–132 (8th Cir. 1979):

> "it is not the function of an appellate court to try the case *de novo,* or to pass upon the credibility of witnesses or the weight to be given their testimony . . . ." *Shull v. Dain, Kalman & Quail, Inc.,* 561 F.2d 152, 155 (8th Cir. 1977), *cert. denied,* 434 U.S. 1086, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). This is especially true where the case is primarily based upon oral testimony and where the trial judge has had an opportunity to view the demeanor and credibility of the witnesses. *E. g., Snodgrass v. Nelson,* 503 F.2d 94, 96 (8th Cir. 1974).

■ Only in exceptional circumstances will a district court decision which turns on matters of credibility be reversed. *NLRB v. Massachusetts Mach. & Stamping, Inc.,* 578 F.2d 15, 20 (1st Cir. 1978); *Dillon v. M. S. Oriental Inventor,* 426 F.2d 977, 978 (5th Cir.), *cert. denied,* 400 U.S. 903, 91 S.Ct. 140, 27 L.Ed.2d 140 (1970). *Cf. Lide v. Carothers,* 570 F.2d 253, 255–56 (8th Cir. 1978).

■ The circumstances here were not exceptional. The district court chose to believe the testimony of Stanley and the corroboration of his testimony by two prison inmates. After carefully reviewing the record, we have concluded that the district court's findings of fact are supported by substantial evidence. Furthermore, we are not left with a firm conviction that a mistake has been made.[4]

4. Appellants do not contend that the district court's findings proceed from an erroneous conception of the applicable law.

In fact, the correctness of the district court's findings is enhanced, in our view, by the evidence offered by the defendants in the hearing held on their motion for a new trial. At that hearing, former inmate Joe White testified that immediately prior to Stanley's first interrogation on July 30, 1975, he and Stanley engaged in a fight and he struck Stanley several times about the head and body.

While White's testimony is consistent with the testimony of the inmates that Stanley appeared to have been beaten up, it is inconsistent with the defendants', Campbell's and Duke's testimony that Stanley showed no signs of having been assaulted. As the district court pointed out:

> The defendants, it seems to the Court, want it two ways. At the trial they were taking the position that Mr. Stanley was not beaten and that there was no evidence of his having been beaten; that he wasn't marked; that there was no evidence of any brutality. Now they submit that he was beaten; not by the defendant but by White.

Transcript of September 6, 1978, hearing at 67.

We simply find no basis for concluding that the district court's findings of fact are clearly erroneous.

Appellants argue that the district court failed to make findings of fact with sufficient specificity. We disagree. A district court's findings of fact are adequate if they afford the reviewing court "a clear understanding of the basis of the trial court's decision." *Christensen v. Great Plains Gas Co.,* 418 F.2d 995, 1000 (8th Cir. 1969); *see also Falcon Equipment Corp. v. Courtesy Lincoln Mercury,* 536 F.2d 806, 808 (8th Cir. 1976). Each party's story was corroborated to a minor degree by the testimony of other witnesses. Since the parties' accounts were completely inconsistent, the district court was faced with a credibility choice. More detailed findings would not aid us in determining whether the district court's findings are clearly erroneous.

Accordingly, the judgment of the district court is affirmed.