**Seymour X. COTTON, Jr., Appellant,**

v.

**A. L. LOCKHART, etc., et al., Appellees.**

**No. 79–1830.**

United States Court of Appeals, Eighth Circuit.

Submitted April 28, 1980.

Decided May 5, 1980.

---

Seymour X. Cotton, Jr., for appellant pro se.

Steve Clark, Atty. Gen., and Robert J. DeGostin, Jr., Asst. Atty. Gen., Little Rock, Ark., for appellees.

Before HEANEY, ROSS, and HENLEY, Circuit Judges.

PER CURIAM.

Seymour X. Cotton appeals the dismissal with prejudice of his civil rights complaint filed pursuant to 42 U.S.C. § 1983 against officers of the Cummins Unit of the Arkansas Department of Corrections.

In his complaint, Cotton charges the application of the Department's "publisher-only" rule (the rule), violates his first amendment rights of freedom of expression and religion. The rule prohibits inmates from receiving magazines, newspapers and books through the mail unless they are received directly from the publisher. It contains an exception for religious material which may be obtained from other sources by arrangements made through a staff chaplain. According to A. L. Lockhart, Assistant Director for Institutional Services for the Arkansas Department of Corrections, wardens are also authorized to grant exceptions to the rule. Cotton argues that the rule violates his first amendment rights because it prohibits him from receiving from family and friends books that are unavailable from publishers. After a hearing the district court, 476 F.Supp. 956, denied relief, relying upon *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979), and this appeal followed.

Cotton argues, inter alia, that (1) the Corrections Department has reinstituted the rule in violation of its agreement in 1975 to abolish it; (2) one of the defense witnesses committed perjury; and (3) the rule unconstitutionally prevents him from receiving books from family and friends.

Cotton's contention that officials of the Cummins Unit agreed to abolish the rule during the 1975 district court hearings in *Finney v. Hutto*, 410 F.Supp. 251 (E.D.Ark. 1976), aff'd, 548 F.2d 740 (8th Cir. 1977), aff'd, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978), is without merit. Our examination of those transcripts reveals no evidence of any such agreement.

Next Cotton argues that A. L. Lockhart's testimony was perjured, offering in support of this argument his own testimony in the district court contradicting Lockhart. In making its findings of fact, the district court chose to credit Lockhart's testimony. The credibility of witnesses and the weight to be given their testimony are matters within the province of the district court. *See Stanley v. Henderson*, 597 F.2d 651, 653 (8th Cir. 1979). After reviewing the record, we conclude that the district court's findings of fact based upon Lockhart's testimony are supported by substantial evidence.

Cotton's final contention is that the rule's prohibition upon receipt of books

from nonpublisher sources infringes his first amendment right because he is unable to receive books directly from family members and friends. The district court sustained the validity of this restriction relying upon *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979). In *Wolfish* the Court upheld the constitutionality of a "publisher-only" rule that permitted receipt of books and magazines through the mail only if received directly from the publisher, a book club, or a bookstore. The Court balanced the competing interests of the institution and inmates and concluded the rule was constitutional as a rational response to an obvious security need. *Id.* 99 S.Ct. at 1886.

In the instant case, the district court, crediting the testimony of institution officials, found that (1) the rule operates in a neutral fashion regulating source rather than content of expression; (2) receipt of soft cover as well as hardback books poses a substantial security problem; (3) inmates have an alternative means of obtaining religious materials through the chaplain; (4) inmates have access to reading materials through the prison library; and (5) the potential impact of the rule has been greatly ameliorated by exceptions which have been granted to inmates including Cotton.

We have reviewed the record and conclude the district court's findings of fact are supported by the evidence, and thus are not clearly erroneous. *See* Fed.R.Civ.P. 52(a). We find that the district court properly employed the principles of *Wolfish* and agree that the prohibition of receipt of books from family and friends is a reasonable and constitutional response to a legitimate and substantial concern for institutional security.

We have considered Cotton's other contentions and find them to be without merit. The judgment of the district court is affirmed.