Pete McCLUSKEY, By His Next Friend Sally McCluskey, Appellee,

v.

The BOARD OF EDUCATION OF ROGERS, ARKANSAS; Oliver Adams, Bob Crafton, Marion Bunyard, John Sampier, Carl Baggett, Greer Lingle and Dr. Bill King, Appellants.

No. 81–1132.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 18, 1981.

Decided Oct. 28, 1981.

Rehearing and Rehearing En Banc Denied Nov. 25, 1981.

G. Ross Smith, Little Rock, Ark. (argued), for appellants.

John E. Jennings, Rogers, Ark. (argued), for appellees.

Before STEPHENSON and McMILLI-AN, Circuit Judges, and HANSON,* Senior District Judge.

STEPHENSON, Circuit Judge.

The Board of Education of Rogers, Arkansas (Board)[1] appeals the district court's[2] decision voiding the Board's October 29, 1980, suspension of appellee Pete McCluskey for the remainder of the school semester because the suspension hearing violated McCluskey's right to substantive due process. The district court required the Board to change McCluskey's record by omitting all references to the October 29 suspension and by granting him academic credit for the semester. The Board contends that the district court erred in determining that McCluskey was suspended under section 11, rather than section 10, of the school's disciplinary policies. Alternatively, the Board argues that even if section 11 was used, the court erred in ruling that the Board could not interpret section 11 to apply to alcohol offenses. We affirm the district court.

## I. BACKGROUND

Pete McCluskey and four other Rogers school district students left school after the first period class on October 21, 1980. The boys had some drinks and McCluskey became intoxicated. When McCluskey and his friends returned to school to go on a scheduled band trip, McCluskey was told he was suspended, effective the following day.

On October 22, 1980, a disciplinary referral form was given to McCluskey's parents. The form notified the family that McCluskey was "suspended pending an expulsion hearing before the Rogers School Board." On October 23, 1980, Vice Principal Moore sent a letter to the superintendent informing him that the high school administrators recommended that McCluskey and two other boys be expelled for the first semester for violating sections 10 and 11 of the school's disciplinary policies. Also on October 23, the superintendent mailed a letter to McCluskey's mother notifying her of the administrator's recommendation and of a hearing on October 29, 1980, before the Rogers School Board regarding the disciplinary action to be taken against McCluskey.

Before the hearing date it became known that five boys had been involved in the

---

* The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation.

1. The following people are also defendants-appellants in this case: Rogers School Board Members, Oliver Adams, Bob Crafton, Marion Bunyard, John Sampier and Carl Baggett; Rogers Superintendent of Schools, Greer Lingle; and the principal of Rogers High School, Dr. Bill King. Reference to appellant Board in this opinion also includes reference to the above-listed appellants.

2. The Honorable Bruce M. Van Sickle, United States District Judge for the District of North Dakota, presiding.

drinking incident and all five students were given a separate hearing on October 29, 1980. None of the students denied drinking and the Board ultimately voted to expel all five for the remainder of the first semester.

On November 11, 1980, the Board amended its disciplinary policy so that alcohol-related offenses were covered under section 11, which mandates expulsion for the remainder of the semester, and reference to alcohol was deleted from section 10, which does not require but does allow expulsion for varying lengths of time.

McCluskey filed a petition for temporary and permanent injunctive relief on November 13, 1980, alleging that the manner in which the Rogers School Board regulations were enforced denied him due process. The section 1983 case was tried to the court on December 4, 1980, and the court ruled that the expulsion decision of the Board violated the substantive due process rights of McCluskey.

## II. ANALYSIS

### A. *The Section Used By The Board*

The district court made a finding of fact that the Board used section 11,[3] which requires expulsion for the remainder of the semester in expelling McCluskey for the remainder of the semester. The court noted that section 10[4] is the section that addresses alcohol offenses and that, unlike the mandatory language of section 11, section 10 does not require expulsion for the remainder of the semester. "Under Section 10, the board must decide not only if the student has violated the regulation, but also whether the violation warrants suspension and if so, the length and terms of such

suspension." *McCluskey v. Board of Education*, No. 80–5100 (W.D.Ark. Jan. 15, 1981). The court then concluded that section 11 could not reasonably be interpreted to apply to alcohol offenses; therefore, the Board violated McCluskey's substantive due process rights when it expelled him for an alcohol offense under section 11.

The Board argues that the district court's finding that McCluskey was expelled under section 11 instead of under section 10 is unsupported by the record and is clearly erroneous. The Board relies on exhibits showing that section 10, as well as section 11, was cited in the two October 23, 1980 letters: Vice Principal Moore's letter to the superintendent and the superintendent's letter to Mrs. McCluskey. Also, the Board argues that the court ignored the testimony of Adams, a Board member. Adams, a lawyer and a defendant in this case, stated that because he had doubts as to the applicability of section 11, he based his motion to expel McCluskey for the remainder of the semester on section 10.

Our review of the district court's basic fact findings is limited by the clearly erroneous rule. Fed.R.Civ.P. 52(a). *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Goldman*, 593 F.2d 129, 131 (8th Cir.), *cert. denied*, 444 U.S. 838, 100 S.Ct. 76, 62 L.Ed.2d 50 (1979). "Findings of fact made by a trial court in a case submitted to the court without a jury shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." *Kendrick v. Commission of Zoological Subdistrict*, 565 F.2d 524, 526 (8th Cir. 1977). As an appellate court, it is not our

---

**3.** Section 11, in part, provides as follows:

For the protection of other pupils in the school grades 9–12, the school board *shall* expel for the remainder of the semester with loss of credit for the semester's work any pupil whenever it has been established to the satisfaction of the board, or the superintendent, or the principal, or his assistant in charge, that the pupil has on school premises or at school sponsored activities (including trips) used, sold, been under the influence of, or been in possession of narcotics or other

hallucinogenics, drugs, or controlled substances classified as such by Act 590 of 1971, as amended.

**4.** Section 10, in part, provides as follows:

Insubordination; * * * use or possession of alcoholic beverages or of illegal drugs; * * or other conduct that would tend to disrupt the educational process or harm the other students or school officials shall constitute good cause for suspension or expulsion from school.

function to try the case *de novo. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Goldman, supra,* 593 F.2d at 131.

■ We cannot say that the challenged fact findings are clearly erroneous. The evidence included testimony from the school principal that the Board had used section 11 in past alcohol cases and that it was the Board's policy to expel for a full semester for alcohol offenses regardless of the other facts and circumstances in an individual case. The chairman of the Board stated that section 11 had been consistently used in alcohol cases for the past four or five years and that the Board was of the opinion that alcohol was a controlled substance under Arkansas Act 590. Section 11 specifically refers to Arkansas Act 590. Adams also testified that since he had been on the Board, the policy had been to expel for a full semester regardless of the circumstances. Additionally, Adams stated that the Board's action, amending the disciplinary policy to include alcohol under section 11 and to omit reference to alcohol in section 10, reflected the Board's consistent policy throughout the past several years.

Even though Adams testified he made the motion regarding McCluskey's expulsion under section 10, he admitted that he did not know under what section the motion to expel was made for three of the other boys whose hearings had been held that same night. The district court discredited the portion of Adams' testimony concerning his claim that he had made the motion regarding McCluskey under section 10. "Only in exceptional circumstances will a district court decision which turns on matters of credibility be reversed." *Stanley v. Henderson,* 597 F.2d 651, 653 (8th Cir. 1979). The circumstances here are not exceptional and the court's determination that the Board utilized section 11 in expelling McCluskey for the full semester is supported by substantial evidence and is not clearly erroneous.

B. *The Board's Interpretation of Section 11*

■ The district court carefully analyzed the Board's application of section 11 in alcohol cases and stated:

We hold that plaintiff was denied substantive due process by the unreasonable actions of the school board in suspending plaintiff under Section 11 of the Policies for Pupil Suspension since there was absolutely no indication that plaintiff had been involved with any substance other than alcohol.

In *Wood v. Strickland,* 420 U.S. 308, 95 S.Ct. 992, 43 L.Ed.2d 214 (1975), the school board of Mena, Arkansas, had suspended two high school girls for "spiking" the punch at a school party by adding a malt liquor which had an alcohol content of 3.2%. The school regulation prohibited the possession or use on campus of "intoxicating beverages." The Eighth Circuit Court of Appeals held that the term in the school regulation was co-equal with a statutory definition of "intoxicating liquor" and referred only to those beverages with an alcoholic content in excess of 5%. Finding that there was no evidence to support the conclusion that the girls had possessed or used a beverage with an alcoholic content in excess of 5%, the appellate court held that the school had violated the students' rights to substantive due process. *Strickland v. Inlow,* 485 F.2d 186 (8th Cir. 1973).

The United States Supreme Court reversed, holding that the term "intoxicating beverage" as used in the school regulation was not confined to the statutory definition. The school had interpreted its regulation to apply to any beverage containing alcohol. Since the school's construction of the regulation was a reasonable one, the United States Supreme Court held that the Court of Appeals should not have supplanted its interpretation for that of the school officials. *Wood v. Strickland,* 420 U.S. 308, 324–325, 95 S.Ct. 992, 1002, 43 L.Ed.2d 214 (1975).

In the case at bar, various school board members testified that they interpreted Section 11 of the Policies for Pupil Suspension as applying to all "drugs" including alcohol. We hold that Section 11

cannot reasonably be interpreted to apply to alcohol.

By its own terms, Section 11 relates only to "narcotics or other hallucinogenics, drugs or controlled substances classified as such by Act 590 of 1971, as amended." The Act specifically exempts alcohol. Ark.Stat.Ann. § 82–2602(e).

The term "drug" has traditionally meant a substance used in the treatment or prevention of disease whereas "alcohol" has customarily been a beverage associated with food and nourishment. In common parlance, the term "drug" does not connote alcohol, as demonstrated by the ordinary meaning of "drug store" and "drug addict."

One must abandon the ordinary meaning and adopt a technical definition to find that alcohol is a "drug." If such a technical definition is adopted, all comestibles would be included because they all have a chemical effect on the human body. There is a body of data tending to establish that sugar impedes the workings of the human brain. To describe sugar as a drug may be technically correct and may even be a laudatory attempt to call attention to its deleterious effects on the human body, but such technical definitions coupled with laudatory purposes do not affect its ordinary meaning. To abandon the ordinary meaning of the term in interpreting Section 11 of the Policies of Pupil Suspension is to give the word an unreasonable meaning.

*McCluskey v. Board of Education, supra,* No. 80–5100 (W.D.Ark. Jan. 15, 1981).

The Board argues that *Wood* prevents the court from concluding that the Board could not legally construe section 11 to be applicable to alcohol offenses. The Supreme Court stated that "§ 1983 does not extend the right to relitigate in federal court evidentiary questions arising in school disciplinary proceedings *or the proper construction of school regulations.*" *Wood v. Strickland,* 420 U.S. 308, 326, 95 S.Ct. 992, 1003, 43 L.Ed.2d 214 (1975) (emphasis added). The Board contends that the district court's rejection of the Board's interpreta-

tion of section 11 as applying to alcohol offenses is similar to the court of appeals in *Wood* substituting its judgment for the board in ruling that a regulation prohibiting "intoxicating" beverages must incorporate the state's statutory standards and thus require proof that the beverage is *legally* intoxicating. Since in *Wood* the Supreme Court reversed the court of appeals and ruled that the board could apply its regulation to any beverage containing alcohol, the *McCluskey* Board argues that it likewise has the freedom to interpret its section 11 regulation and it can construe it to apply to alcohol. *See Wood v. Strickland, supra,* 420 U.S. at 323–28, 95 S.Ct. at 1001–04.

We hold that the district court correctly distinguished *Wood* by stating that the *Wood* Board's construction of the regulation was a reasonable one while the *McCluskey* Board's construction of section 11 is unreasonable. We cannot agree with the Board that it can apply section 11's mandatory expulsion penalty to a student involved in an alcohol case when the express terms of section 11 apply only to "drugs" and expressly exempt alcohol.

We have examined the Board's other arguments challenging the district court's decision and we find them unconvincing. We affirm the district court.

McMILLIAN, Circuit Judge, dissenting.

I respectfully dissent. I would reverse the district court on the basis of the reasoning in *Wood v. Strickland,* 420 U.S. 308, 326, 95 S.Ct. 992, 1003, 43 L.Ed.2d 214 (1975).