704 F.2d 417
 Roger BISHOP, Appellant,
v.
Robert C. TICE, Jr., Individually and in His Official
Capacity as Regional Administrator, Occupational Safety &
Health Administration, United States Department of Labor;
Joe Ansley, Individually and in His Official Capacity as
Regional Auditor, Occupational Safety & Health
Administration, United States Department of Labor; and John
Miles, Individually and in His Official Capacity as Regional
Auditor, Occupational Safety & Health Administration, United
States Department of Labor, Appellees.
 No. 82-1626.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Jan. 11, 1983.
Decided April 13, 1983.
 
 Jim O'Hara, Little Rock, Ark., for appellant.
 William M. Pace, Aberdeen, Miss., Samuel A. Perroni, Perroni & Rauls, P.A., Little Rock, Ark., for appellees.
 Before HEANEY and McMILLIAN, Circuit Judges, and FLOYD R. GIBSON, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Roger Bishop appeals from the district court's[1] dismissal of his complaint against three employees of the Occupational Safety and Health Administration (OSHA), an agency of the federal government. Bishop contends that the trial court's findings of fact are not supported by substantial evidence, and he urges this Court to reverse and remand to the district court for entry of judgment in his favor. Because the district court's findings of fact are not clearly erroneous, we affirm.
 
 
 2
 Bishop initiated this suit on November 7, 1977, after he was allegedly coerced to resign from his position as a "career status" safety engineer at OSHA. His initial complaint was brought against Joe Ansley and John Miles, OSHA regional auditors, and Robert C. Tice, Jr., OSHA regional administrator, in their individual and official capacities. In this initial complaint, Bishop sought reinstatement, back pay, other compensatory damages, and punitive damages.
 
 
 3
 Bishop subsequently filed an amended complaint against the three defendants as individuals only, dropping his request for reinstatement and back pay. Bishop alleged that defendants Ansley and Miles visited the Little Rock office of OSHA in February, 1976, to force two employees to resign so that their positions could be filled at the direction of defendant Tice. According to the amended complaint, Ansley and Miles met with Bishop and informed him that if his resignation was not forthcoming, criminal charges would be lodged against him. Bishop alleged that he was never given a statement of the reasons behind the resignation demand, was given only one hour to make up his mind, and was not allowed to consult an attorney. Bishop submitted his resignation on February 9, the day of the meeting.
 
 
 4
 Bishop's first appeal to this Court occurred after the district court granted the defendants' motion to dismiss Bishop's amended complaint. See Bishop v. Tice, No. LR-C-77-310 (E.D.Ark., June 7, 1979). Accepting the allegations in Bishop's amended complaint as true, we reversed, holding that Bishop had stated a cause of action under three distinct theories: (1) deprivation of procedural due process; (2) fraud and deceit; and (3) contractual interference. Bishop v. Tice, 622 F.2d 349, 351, 360 (8th Cir.1980).
 
 
 5
 On remand, a trial was held before the district court. After approximately three days of testimony, the court made oral findings of fact and conclusions of law and ordered that judgment be entered against Bishop. The district court found that Ansley and Miles were sent to the Little Rock office in February, 1976, not to "get rid of anyone," as Bishop had alleged, but rather to evaluate the Little Rock area office personnel at the request of the recently appointed area director, Buddy Brown. The district court further found that when Ansley and Miles arrived, they received information about Bishop's activities which led them to believe in good faith that they had discovered serious improprieties on the part of Bishop. The court determined that the defendants reasonably suspected that Bishop had engaged in private consulting work while an OSHA employee, had arranged for loans for companies inspected by OSHA, and had not adequately documented his own OSHA inspections. Ansley conveyed his impressions concerning Bishop to Tice, who then directed that Bishop be given the option of resigning or of having OSHA investigators called in to determine whether Bishop had in fact engaged in any improprieties.
 
 
 6
 This option was conveyed to Bishop at the meeting on February 9, 1976. Bishop submitted his resignation that day, but the effective date was later extended to June, 1976. The court found that after his resignation had been submitted, Bishop had many opportunities to reconsider his decision. He had a conversation with Tice on February 23, at which time Tice told him that nothing would happen if he withdrew his resignation, except that the investigation into his alleged improper activities "would have to continue."
 
 
 7
 Based upon these and other findings, the district court held that the defendants did not violate Bishop's procedural due process rights by blocking his resort to civil service discharge procedures. Moreover, the court held that even if the defendants' conduct had the effect of blocking Bishop's access to such procedures, the defendants were entitled to the defense of qualified immunity because their actions were based upon the reasonable and good faith belief that what they were doing was right. The court also held that the defendants were not liable to Bishop for fraud or deceit because no false representations were made to him. Finally, the court concluded that Bishop could not recover on his contractual interference claim because there was no intentional interference by any of the defendants with Bishop's contractual employment rights.
 
 
 8
 On appeal, Bishop challenges these findings and argues that testimony was presented to support his claim that he was threatened with criminal charges if he did not resign. Bishop further contends that the defendants are not entitled to qualified immunity because they failed to establish that their actions were within the limits of their authority, were based upon good faith, and were reasonable.
 
 
 9
 We find that Bishop's arguments lack merit. After a careful review of all of the evidence presented at trial, we cannot say that the district court's findings are clearly erroneous. See Fed.R.Civ.P. 52; Horner v. Mary Institute, 613 F.2d 706, 713 (8th Cir.1980); Stanley v. Henderson, 597 F.2d 651, 653 (8th Cir.1979).
 
 
 10
 Accordingly, the judgment of the district court is affirmed.
 
 
 
 [1]
 The Honorable Garnett Thomas Eisele, Chief Judge, United States District Court for the Eastern District of Arkansas