37 F.3d 1506
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Rick L. SINDARS, Plaintiff-Appellant,
v.
Chase RIVELAND, Secretary, Department of Corrections, et
al., Defendant-Appellee.
Rick L. SINDARS, Plaintiff-Appellant,
v.
Chase RIVELAND, Secretary, Department of Corrections, et
al.; Larry Kincheloe, Superintendent, Director; James C.
Spalding, Deputy Director; Kenneth W. Ducharme,
Superintendent, Washington State Reformatory; Michael G.
Woods, Superintendent, Washington State Reformatory; Jerry
Newman, Mail Room Staff, Defendants-Appellees.
 Nos. 93-35433, 93-35663.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 13, 1994.*
Decided Sept. 23, 1994.
 
 Before: BROWNING, WRIGHT, and CANBY, Circuit Judges
 MEMORANDUM**
 * Sindars raised a triable issue of fact as to whether the publisher-only rule was reasonably related to a legitimate penological objective in view of Washington State Reformatory Inmate Mail Management Policy 450.100.01, Attachment E, which provides that inmates may receive quarterly packages containing Bibles, religious books, textbooks, diaries, or journals directly from family and friends. CR 52, Ex. 1.
 Sindars contended the existence of this exception to the publisher-only rule indicates the rule is not reasonably related to the goal of keeping contraband out of the prison but instead represents an exaggerated response to this interest, since contraband could be smuggled in publications contained in quarterly packages as easily as in those sent via the daily mail. See Mann v. Smith, 796 F.2d 79, 82 (5th Cir.1986); Kincaid v. Rusk, 670 F.2d 737, 744 (7th Cir.1982). The court's order did not address this argument.
 The issue raised was material, since the lack of a reasonable relationship with a valid penological objective would be fatal to the publisher-only policy under Turner v. Safley, 482 U.S. 78, 89 (1987), and Bell v. Wolfish, 441 U.S. 520 (1979). See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The issue was genuine, because the publisher-only policy's underinclusiveness, viewed in the light most favorable to Sindars, might permit a rational trier of fact to conclude the policy was "arbitrary or irrational," Turner, 482 U.S. at 90, or represented an "exaggerated response" to legitimate penological concerns, id. at 87. See United States v. Lot 4, Block 5 of Eaton Acres, 904 F.2d 487, 490 (9th Cir.1990) (citing Anderson, 477 U.S. at 252-56).
 We note that four other circuits have upheld the constitutionality of publisher-only rules applicable to both hardcover and softcover publications. See Ward v. Washtenaw County Sheriff's Dep't, 881 F.2d 325, 330 (6th Cir.1989); Hurd v. Williams, 755 F.2d 306, 308 (3d Cir.1985); Kines v. Day, 754 F.2d 28, 30 (1st Cir.1985); Cotton v. Lockhart, 620 F.2d 670, 672 (8th Cir.1980). However, none of these cases considered whether the allowance of exceptions to the rule undermined the asserted interest of the prison in maintaining security.[1]
 II
 In light of our disposition, we also vacate the district court's order affirming the clerk's taxation of costs, since the defendants are no longer the "prevailing party" within the meaning of Fed.R.Civ.P. 54(d). Gregory K. v. Longview Sch. Dist., 811 F.2d 1307, 1315 (9th Cir.1987).
 VACATED AND REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Exceptions to the rule apparently existed in Kines, 754 F.2d at 29, and Cotton, 620 F.2d at 671. However, in neither case did the court consider whether the exceptions established that the policy was irrational or arbitrary