UNITED STATES of America, Plaintiff–Appellee,

v.

Humberto BETANCOURT, Defendant–Appellant.

No. 88–3835
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

March 23, 1989.

John T. Mulvehill, Federal Public Defender and Robert F. Barnard, Asst. Federal Public Defender, New Orleans, La., for defendant-appellant.

Robert J. Boitmann, Asst. U.S. Atty., John Volz, U.S. Atty., and Steven J. Irwin, Asst. U.S. Atty., New Orleans, La., for plaintiff-appellee.

Before GEE, WILLIAMS, and HIGGINBOTHAM, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Humberto Betancourt pled guilty to conspiring to transport stolen vehicles in interstate commerce in violation of 18 U.S.C. § 371. On appeal, he challenges only his sentence. He contends that he was entitled to a reduction in his offense level because he was a minor or minimal participant in his crime. Finding no error in the sentence imposed, we affirm.

Betancourt and several co-defendants were indicted for participation in an interstate auto theft ring. The indictment charged Betancourt with driving one of his co-defendants to the site of the auto theft, and later picking up the same co-defendant and driving him home after the theft was complete. Betancourt contends that his participation in the conspiracy was minor or minimal, and that he should therefore have received a reduction to his offense level. *See* Guideline 3B1.2. In support of this argument, Betancourt contends that the indictment charges members of the conspiracy with several thefts, but only mentions Betancourt as a driver in connection with one theft.

We have held that minor participant status is a factual determination, and enjoys the protection of the "clearly erroneous" standard. That factual determination turns upon culpability. Culpability is a determination requiring sensitivity to a variety of factors. *United States v. Buenrostro*, 868 F.2d 135, 138, 139 (5th Cir.1989).

In this case, the district judge found that Betancourt was not a minor or minimal participant. The judge expressly stated that he thought Betancourt no less culpable than the average participant in the conspiracy. The judge pointed to evidence that Betancourt was well aware of the scope of the auto-theft conspiracy he was aiding by serving as a driver. This evidence provides clear support for the judge's conclusions with respect to Betancourt's lack of minor participant status. Following *Buenrostro*, we affirm.

The judgment of the district court is, in all respects,

AFFIRMED.