UNITED STATES of America, Appellee,

v.

Ronald JONES, Appellant.

UNITED STATES of America, Appellee,

v.

Charles Anthony ROSENBERG, Appellant.

Nos. 88–5264, 88–5278.

United States Court of Appeals, Eighth Circuit.

Submitted April 13, 1989.

Decided May 24, 1989.

Daniel M. Scott, Minneapolis, Minn., for appellant Ronald Jones.

David J. Malban, Duluth, Minn., for appellant Charles Anthony Rosenberg.

Henry J. Shea, Asst. U.S. Atty., Minneapolis, Minn., for U.S.

Before FAGG, Circuit Judge, ROSS, and TIMBERS,* Senior Circuit Judges.

PER CURIAM.

Based on evidence obtained through an undercover operation and other surveillance, a grand jury indicted Ronald Jones and Charles Anthony Rosenberg on charges relating to three sales of cocaine. The government's theory of the case was that Rosenberg participated directly in the sales to an undercover agent and Jones was Rosenberg's drug supplier. After a joint criminal trial, a jury convicted Jones and Rosenberg of multiple offenses related to distributing cocaine. Both defendants appeal, and we affirm.

Initially, Jones argues the district court committed error in refusing to grant his motions for mistrial and severance. The factual basis for Jones' argument is an announcement by Rosenberg's attorney during opening statements to the jury that Rosenberg would testify and would name Jones as his cocaine supplier. Rosenberg did testify, but he named other individuals as his suppliers and refused to identify Jones as his supplier in the charged transactions.

■ In response to these events, the district court consulted with Jones' counsel and then placed special emphasis on instructing the jury that opening and closing statements by the lawyers were not evidence. The jury acquitted Jones on one distribution count. This suggests the jury heeded the court's limiting instruction and was sufficiently able to compartmentalize the evidence against Jones without regard to the opening statement of his codefendant's lawyer. *See United States v. Adkins,* 842 F.2d 210, 212 (8th Cir.1988); *United States v. Thirion,* 813 F.2d 146, 155 (8th Cir.1987); *United States v. Lueth,* 807 F.2d 719, 731 (8th Cir.1986). In addition, a claim that one defendant will seek to implicate another is not alone grounds for severance. *United States v. Miller,* 725 F.2d 462, 468 (8th Cir.1984). Under these circumstances, we conclude Jones was not prejudiced by Rosenberg's attorney's opening remark. Thus, the district court did not commit error in denying Jones' motions. *See Adkins,* 842 F.2d at 212; *United States v. Dougherty,* 810 F.2d 763, 767 (8th Cir.1987).

Jones and Rosenberg also challenge the district court's application of the United States Sentencing Guidelines to certain aspects of their conduct in this case. The presentence investigation report prepared for Jones contained information regarding additional cocaine and two firearms that were seized from Jones' apartment after his arrest. The court used this information in calculating his offense level under the guidelines.

The court found the additional quantity of cocaine, which was admitted in evidence, was part of Jones' supply and, thus, was

---

* The HONORABLE WILLIAM H. TIMBERS, Senior United States Circuit Judge for the Second Circuit, sitting by designation.

part of the aggregate amount of drugs involved in the ongoing conspiracy offense for which Jones was convicted, *see* U.S. Sentencing Guidelines § 2D1.1(a)(3) (1987). Regarding the firearms, the court found Jones possessed them during the commission of a drug offense, *see id.* § 2D1.1(b)(1), because they were located in close proximity to the drugs Jones was in the business of distributing, *see United States v. Matra,* 841 F.2d 837, 842–43 (8th Cir.1988) (18 U.S.C. § 924(c) conviction); *see also United States v. Otero,* 868 F.2d 1412, 1414 (5th Cir.1989).

Jones claims the district court's action denied him due process because the court did not hold an evidentiary hearing on the accuracy of the presentence investigation report. We believe Jones' argument is misplaced.

■ Jones' assertion that all the court had before it for its findings at sentencing were "the conclusory allegations" in the presentence investigation report overlooks the fact the sentencing judge presided over Jones' trial. The record of the trial contained testimony and exhibits regarding Jones' relationship to the additional cocaine and weapons. Because that record provides ample support for the court's findings of fact, an additional evidentiary hearing before sentencing was not required. Thus, we reject Jones' due process argument.

Rosenberg contends the district court should have reduced his offense level because he demonstrated acceptance of responsibility, U.S. Sentencing Guidelines § 3E1.1 (1988), by offering to plead guilty before trial and by admitting the essential elements of his criminal conduct on the witness stand. Rosenberg also claims he should have received a reduction because he was merely a drug courier and, thus, only a minor participant in the charged drug transactions, *id.* § 3B1.2(b) (1987). The district court determined Rosenberg's case did not warrant a responsibility reduction because he had testified falsely under oath regarding his drug supplier's identity, *see id.* § 3E1.1 application note 4. The court further refused to find Rosenberg

was a minor participant in the offenses because he arranged the ultimate sales of the cocaine, handled the cash, and delivered the product. *See United States v. Betancourt,* 868 F.2d 1410, 1411 (5th Cir.1989).

■ We have reviewed the record, including the transcripts of the sentencing hearings, the briefs, and the parties' arguments. Having done so, we find no reversible error by the district court in calculating Jones' and Rosenberg's offense levels under the sentencing guidelines.

Finally, Jones and Rosenberg challenge the constitutionality of the guidelines. Their delegation and separation of powers arguments, however, are now foreclosed. *See Mistretta v. United States,* —— U.S. ——, 109 S.Ct. 647, 675, 102 L.Ed.2d 714 (1989). In addition, this court has recently rejected a similar due process challenge to the guidelines. *See United States v. Valiant,* 873 F.2d 205, 207 (1989).

Finding no reversible error, we affirm the defendants' convictions.