**UNITED STATES of America, Appellee,**

v.

**Lynn M. FINCH, Appellant.**

**No. 93–1560.**

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 14, 1993.

Decided Jan. 25, 1994.

Rehearing and Suggestion for Rehearing En Banc Denied March 3, 1994.

Counsel who presented argument on behalf of the appellant was Phillip S. Resnick of Minneapolis, MN.

Counsel who presented argument on behalf of the appellee was Keith W. Reisenauer, Assistant U.S. Attorney, of Fargo, ND.

Before MORRIS SHEPPARD ARNOLD, Circuit Judge, HEANEY and ROSS, Senior Circuit Judges.

**230**

MORRIS SHEPPARD ARNOLD, Circuit Judge.

A grand jury indicted Lynn M. Finch and five others charging them with one count of conspiracy to distribute cocaine and conspiracy to possess cocaine with intent to distribute it in violation of 21 U.S.C. § 846, and forty-five substantive counts of distribution or possession of cocaine in violation of 21 U.S.C. § 841(a)(1). Twelve of the forty-five substantive counts charged Finch with possession or distribution of cocaine, each in connection with different shipments of cocaine spaced approximately one month apart. The five other conspirators either pleaded guilty or agreed to plead guilty before Finch's trial. A jury convicted Finch of conspiracy and one substantive count, acquitted her of two substantive counts, and were undecided on the remaining nine substantive counts. The trial court[1] sentenced Finch to fifteen months in prison, the final six months of which are to be served in a halfway house, followed by three years of supervised release. Finch appeals the convictions and the sentence.

## I.

Finch challenges the sufficiency of the evidence with respect to both convictions. She argues that her conviction for conspiracy should be reversed because the jury convicted her of only one act of buying or selling cocaine. Since evidence of only a single purchase or sale of cocaine is not evidence of a conspiracy, she argues, the evidence did not support the conviction. She further argues that in order to have convicted her of the substantive count, the jury must have believed the government's principal witness, Brian Solum, an unindicted co-conspirator who had agreed to cooperate with the government; but, her argument continues, since the jury acquitted her of two substantive counts, and failed to agree on a verdict regarding the other counts, the jury must have also disbelieved Solum. She is, therefore, making two different but related claims, and is conflating two distinct issues. One claim is that the convictions should be reversed because they are inconsistent with both the acquittals and the failure to reach verdicts on the other counts. The second claim is that the convictions should be reversed because the evidence is insufficient to support them. These claims raise different issues and we therefore review them separately. *See United States v. Powell,* 469 U.S. 57, 67, 105 S.Ct. 471, 478, 83 L.Ed.2d 461 (1984); *United States v. Suppenbach,* 1 F.3d 679, 681 (8th Cir.1993).

## A.

Finch apparently finds the jury's verdict infirm because it is inconsistent for two reasons. First, if the jury disbelieved the testimony so thoroughly that it acquitted on two counts, and did not find the testimony credible enough to agree to convict on nine counts, there could not have been sufficient evidence to convict Finch of conspiracy to distribute cocaine and one count of possession with intent to distribute cocaine. Second, if the jury acquitted or could not reach a verdict on all but one of the counts of possession with intent to distribute, there could not have been sufficient evidence to convict Finch of conspiracy to distribute cocaine. The jury's verdicts, according to Finch's argument, are therefore inconsistent, and the convictions should be vacated. Our review of the record reveals, however, that the evidence against Finch was probably strongest for the count on which she was convicted, and probably weakest for the counts of which she was acquitted.

Even if the verdicts were inconsistent, moreover, we would still refuse to reverse the convictions because of the role of the jury and its verdict in our legal system. It is well established that consistency of a jury's verdicts is not necessary. *Dunn v. United States,* 284 U.S. 390, 393, 52 S.Ct. 189, 190–91, 76 L.Ed. 356 (1932) (Holmes, J., for a majority of 8–1); *see also Powell, supra,* 469 U.S. at 63, 105 S.Ct. at 476 (Rehnquist, J., for a unanimous Court) (reaffirming *Dunn* ); *Suppenbach, supra,* 1 F.3d at 681. "That the verdict may have been the result of compromise, or of a mistake on the part of the jury, is possible. But verdicts cannot be upset by speculation or inquiry into such

---

1. The Honorable Rodney S. Webb, United States District Judge for the District of North Dakota.

matters." *Dunn, supra,* 284 U.S. at 394, 52 S.Ct. at 191. The jury here may have acquitted Finch of certain counts and failed to reach verdicts on other counts in order to exercise lenity or to mitigate punishment. Although such an exercise of power is impermissible, it is nevertheless not reviewable. *Dunn, supra,* 284 U.S. at 393, 52 S.Ct. at 190–91; *Powell, supra,* 469 U.S. at 65–66, 105 S.Ct. at 476–77. Juries in common-law courts have exercised this impermissible power for eight hundred years. T. Green, *Verdict According to Conscience* (1985). Even where verdicts are clearly inconsistent, we will not invade the province of the jury; indeed, the Supreme Court will not allow such an invasion. *Powell, supra,* 469 U.S. at 57, 105 S.Ct. at 471. A criminal defendant "is afforded protection against jury irrationality or error by the independent review of the sufficiency of the evidence," a review properly undertaken by the appellate courts. *Powell, supra,* 469 U.S. at 67, 105 S.Ct. at 478. It is to that review that we now turn.

### B.

The government presented evidence of twenty shipments of cocaine that took place over approximately twenty months. The government alleged that twelve of these involved Finch. The evidence relevant to the conviction for conspiracy, as Finch herself points out, is all of the evidence, not just the evidence relevant to the substantive count for which she was convicted. *Powell, supra,* 469 U.S. at 67, 105 S.Ct. at 478; *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When we review Finch's conviction for conspiracy, therefore, we consider all of the evidence presented at trial, not just the evidence relating to the one substantive offense for which she was convicted. "We will reverse 'only if we conclude that a reasonable fact-finder must have entertained a reasonable doubt about the government's proof of one of the offense's essential elements.' " *United States v. Rogers,* 982 F.2d 1241, 1244 (8th Cir.1993) (quoting *United States v. Ivey,* 915 F.2d 380, 383 (8th Cir.1990)), *cert. denied sub nom. Philipp v. United States,* —— U.S. ——, 113 S.Ct. 3017, 125 L.Ed.2d 706 (1993).

Finch is correct that proof of a buyer-seller relationship without more is not sufficient to prove a conspiracy. *United States v. Prieskorn,* 658 F.2d 631, 633 (8th Cir.1981). We have held that it is proper for a trial court to refuse to instruct the jury explicitly that proof of a buyer-seller relationship is insufficient to prove a conspiracy where the evidence did not support such an instruction because there was evidence of distribution of large amounts of cocaine over a significant period of time. *United States v. Turner,* 975 F.2d 490, 497 (8th Cir.1992), *cert. denied sub nom. Dowdy v. United States,* —— U.S. ——, 113 S.Ct. 1053, 122 L.Ed.2d 360 (1993). We have also held that a court's refusal to give such an instruction was not plain error where the circumstances of the single sale of cocaine at issue suggested that the cocaine had been purchased for resale. *United States v. Hamell,* 931 F.2d 466 (8th Cir.) (sale of eighty-two grams of ninety percent pure cocaine), *cert. denied,* —— U.S. ——, 112 S.Ct. 347, 116 L.Ed.2d 286 (1991).

Because we consider all of the evidence presented at trial, we consider here evidence of Finch's role in the distribution of twelve shipments of cocaine. Finch testified at trial, denying any involvement in any conspiracy. Solum and others testified that Finch took part in the purchase and distribution of cocaine. The testimony of an accomplice alone may be sufficient to convict a defendant if the testimony is not incredible or insubstantial on its face. *United States v. Starcevic,* 956 F.2d 181, 185 (8th Cir.1992). We do not find Solum's testimony to be incredible or insubstantial, and we note, moreover, that his was not the only testimony that incriminated Finch. There was evidence to show Finch's involvement in the purchase of cocaine from Las Vegas, Nevada, and its subsequent distribution in the Fargo area. There was evidence to show that by pooling their resources the participants in North Dakota obtained cocaine more efficiently than they could have had they been acting alone, and more efficiently than Solum had done when he was purchasing smaller quantities of the drug. There was evidence that Finch knew that in addition to Solum, there were others who participated in the

purchasing of cocaine from a source in Las Vegas and its subsequent distribution. There was evidence showing that the amounts involved in the shipments and distribution were greater than necessary for personal use. There was sufficient evidence, therefore, for the jury to have concluded that there was indeed a conspiracy and that Finch was one of the conspirators. We affirm the conviction for conspiracy to distribute cocaine.

 Finch's conviction for possession with intent to distribute must be affirmed for similar reasons. Solum's testimony was not facially incredible or insubstantial. It is true that the credibility of Solum and other witnesses as well as that of Finch was at issue. But it is the jury's role to assess the credibility of witnesses. The evidence was sufficient for a jury to find Finch guilty beyond a reasonable doubt.

## II.

 Finch makes four other arguments in her appeal. She maintains, first, that the convictions should be reversed because the prosecutor improperly vouched for the government's evidence and attacked Finch's trial counsel during the government's closing argument. We must therefore examine the allegedly improper statements "within the context of the entire trial to determine first whether the remarks were in fact improper, and second whether the remarks were so offensive so as to deprive the defendant of a fair trial." *United States v. Eldridge*, 984 F.2d 943, 946 (8th Cir.1993) (citing *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 84 L.Ed.2d 1 (1985)). Finch is challenging the propriety of the government's statements in its closing argument that a witness was telling the truth, that the defense attorney was trying to mislead the jury, and that the evidence showed that Finch was guilty. (Finch objected at trial to only the first of these.) One witness (Solum) was truthful, the government argued, because he did not testify that Finch had been involved in and knew about all the shipments of cocaine, but rather testified to her relatively limited involvement. The government argued that Finch's attorney was trying to

mislead the jury by drawing attention to facts not relevant to and not inconsistent with Finch's involvement in the conspiracy. Finally, the government summarized the evidence by stating that the evidence showed that Finch was guilty beyond a reasonable doubt. Read in context there is nothing impermissible about the government's statements: the government was merely arguing that the jury should accept its interpretation of the evidence rather than the defendant's interpretation. We do not find such statements to be improper.

Finch next asserts that a photograph of one of her friends using cocaine was improperly admitted into evidence. The photograph had been provided to the government by Roxanne Claerbout, one of its witnesses. The first reference to the photograph at trial occurred when Finch cross-examined Claerbout at length about a photograph that she had supplied to the government in connection with this case. The government neither had introduced the photograph as evidence nor had examined Claerbout about it. On redirect examination the government introduced the photograph as evidence over Finch's objection. Claerbout testified that the photograph had been taken at a party about six years before the trial and depicted two individuals, one of whom was snorting cocaine. Finch was not depicted in the photograph and, according to Claerbout's testimony, did not attend the party; neither of the people in the photograph testified at trial. The trial court concluded that the photograph was admissible because Finch had established its relevance by examining the witness about it.

 Finch's purpose in examining Claerbout about the photograph remains unclear. Questions about the photograph may have been part of Finch's impeachment of Claerbout's credibility. Indeed, Claerbout at first denied having given the government any photographs, then admitted that she had, and finally admitted that she had a "memory problem." On the other hand, however, Finch may have been attempting to lead the jury to the conclusion that the government failed to introduce the photograph because of the government's own misconduct or because

it contained exculpatory evidence. We believe that the trial court's conclusion that the photograph was admissible merely because Finch had opened the door to such evidence is a misapprehension of the law, although a common one. Cross-examination of a witness about a particular topic does not necessarily open the door to re-direct examination and additional evidence relating to that topic. *Hamilton v. Nix*, 809 F.2d 463, 469 (8th Cir.) (en banc), *cert. denied*, 483 U.S. 1023, 107 S.Ct. 3270, 97 L.Ed.2d 768 (1987). The evidence introduced must rebut something that had been elicited on cross-examination. *Id.*

█ Here, as in *Hamilton*, the evidence admitted on re-direct examination does not seem to rebut anything, except perhaps an inference of prosecutorial misconduct. It does not seem to rehabilitate the witness since it confirms what she testified to on cross-examination, namely that she gave the government a photograph that did not depict Finch. Although the evidence might have been admitted to rebut an inference of wrong-doing, the government did not make such an argument at trial and the court did not admit it for such a reason. We are convinced, however, that admitting the photograph and the related testimony was harmless because a picture of two people, neither of whom was a witness at the trial, using cocaine at a party that Finch did not attend could hardly have incriminated or prejudiced Finch.

Finch's final contention is that her sentence is improper because it was determined in part by looking at conduct that the trial court should not have considered. She argues that her sentence should be determined only by considering the amount of cocaine involved in the substantive count for which she was convicted, that the other substantive counts should not have been considered, and that she should not have been held responsible for the total amount of cocaine involved in the conspiracy because the total amount was not foreseeable.

█ Finch was convicted of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. Punishment under Section 846 is the same as the punishment specified for the substantive offense that was the ob-

ject of the conspiracy. The substantive offense here, distribution of a controlled substance, is proscribed in Section 841(a), and the punishment specified in Section 841(b) depends on the amount of the controlled substance involved in the offense. 21 U.S.C. § 841. When the punishment depends on the amount of the controlled substance involved in the offense, that amount need be proven only by a preponderance of the evidence. *United States v. Payne*, 940 F.2d 286, 292 (8th Cir.1991), *cert. denied sub nom. Bogan v. United States*, —— U.S. ——, 112 S.Ct. 616, 116 L.Ed.2d 638 (1992), *and sub nom. Ransom v. United States*, —— U.S. ——, 112 S.Ct. 1589, 118 L.Ed.2d 307 (1992). Relevant conduct includes all acts committed during the commission of the offense for which Finch was convicted as well as all reasonably foreseeable acts of others in furtherance of the jointly undertaken criminal activity. U.S.S.G. § 1B1.3(a). Finch was convicted of conspiracy to distribute cocaine as well as one count of distribution of cocaine. Thus, the amounts of cocaine for which Finch can be held responsible need not have been proven beyond a reasonable doubt, and the trial court, therefore, could have considered the amounts of cocaine involved in the counts that did not result in conviction because they were part of the conspiracy.

The conspiracy in this case involved twenty shipments of cocaine over twenty months and a total amount of cocaine well in excess of two kilograms. Finch was indicted for her participation in twelve of these shipments. Eleven of the twelve involved between 112 and 168 grams of cocaine; the twelfth involved 252 grams. Finch's shares of the shipments were between seven and forty-two grams of each of the first eleven, and between twenty-eight and fifty-six grams of the twelfth. The trial court did not hold Finch responsible for the two shipments that were the subject of the counts of which she was acquitted, and held her responsible only for the lowest amount of the range established for each of the other shipments. Thus, the trial court calculated that the total amount of cocaine for which Finch was responsible was 91 grams, that is, nine shipments of seven grams and one shipment of 28 grams. This

results in a base offense level of 16. U.S.S.G. § 2D1.1(c)(14). The trial court reduced the offense level to 12 because Finch was a minimal participant in the overall conspiracy. U.S.S.G. § 3B1.2. The trial court found Finch's criminal history category to be category III, having found five criminal history points. This results in a sentencing range of fifteen to twenty-one months; the trial court imposed a sentence of fifteen months. We find that the evidence adequately supported the trial court's finding that Finch was responsible for conspiring to distribute a total of ninety-one grams of cocaine, and find no error in the trial court's calculation of the sentence.

We note that the government suggests in its brief that the trial court improperly calculated the base offense level because Finch should have been held responsible not only for the amount of cocaine she actually possessed or distributed, but for the total amount of cocaine foreseeably involved in the conspiracy. The government did not, however, appeal the sentence, and we therefore decline to reach this issue.

### III.

For the reasons given, we affirm Finch's conviction and sentence.