_____

No. 96-1065
_____

United States of America,       *
                                *
            Appellee,           *
                                *  Appeal from the United States
     v.                         *  District Court for the
                                *  Western District of Arkansas
Milton Gary Marshall,           *
                                *
            Appellant.          *

_____

Submitted: June 11, 1996

Filed:  August 19, 1996
_____

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON, Circuit Judges,
     and ROSENBAUM,* District Judge.
_____

ROSENBAUM, District Judge.


     Milton  Gary  Marshall  was  convicted,  in  August,  1995,  of
preparing fraudulent tax returns.  He appeals the district court's
denial  of  his  motion  for  judgment  of  acquittal  and  the  court's
calculation  of  his  base  offense  level  under  the  United  States
Sentencing  Guidelines.   We  affirm  the  judgment  of  the  district
court.[1]


_____

      *The  HONORABLE  JAMES  M.  ROSENBAUM,  United  States
District Judge for the District of Minnesota, sitting by
designation.

      The Honorable Harry Barnes, United States District Judge for
the Western District of Arkansas.

I.

On June 14, 1995, a federal grand jury returned a 60-count indictment charging Marshall with aiding or assisting in the preparation of false or fraudulent income tax returns. See 26 U.S.C. § 7206(2). During the five-day trial, the government moved to dismiss 18 counts of the indictment. On August 18, 1995, a jury found Marshall guilty of 17 counts. The jury was unable to reach a verdict on the remaining 25 counts, which were subsequently dismissed at the time of sentencing.

On December 8, 1995, the district court sentenced Marshall to 51 months imprisonment under the federal Sentencing Guidelines, based on a total tax loss of $2,004,961.00. This calculation was based on government exhibit 17-1, which summarized all tax returns bearing Marshall's tax preparer number filed between 1991 and 1993. Exhibit 17-1 was not admitted at trial because it included tax returns prepared by two of Marshall's employees. The exhibit was, however, accepted for sentencing purposes after the district court found it reflected Marshall's relevant conduct.

II.

A.

Marshall appeals the denial of his motion for judgment of acquittal. He argues the evidence was insufficient to convict, the individual taxpayers who testified against him were not credible, and the verdict was equivocal.

Evidence is sufficient to sustain a conviction if, viewed in the light most favorable to the government, it offers substantial support for the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. Marin-Cifuentes, 866 F.2d 988, 992 (8th Cir. 1989). It is axiomatic that we do not "pass upon the credibility of witnesses or the weight to be given their testimony." United States v. Witschner, 624 F.2d 840, 843 (8th Cir. 1980) (citing Stanley v. Henderson, 597 F.2d 651, 653 (8th

-2-

Cir. 1979)).  Further, this court will not upset a conviction merely because the jury's verdict may have been inconsistent. United States v. Finch, 16 F.3d 228, 230-31 (8th Cir. 1994).

The evidence here was sufficient to convict Marshall of preparing fraudulent tax returns.  Fourteen individual taxpayers testified concerning Marshall's preparation of their returns. Based on their testimony, the jury could well find that Marshall listed fictitious dependants, improperly reported filing status, or improperly claimed earned income or health care credits for one or another taxpayer.  The taxpayers testified they did not see their returns before filing and were unaware of the inaccuracies. Finally, the taxpayers testified that Marshall paid them their refunds in cash, and, as such, they did not know their refunds were larger than the sum they received.

This evidence is sufficient to sustain the jury's verdict. Marshall's own testimony that he did not know the returns were false was clearly rejected.  Such rejection is not subject to review.  Witschner, 624 F.2d at 843.

Marshall further claims that the taxpayers' testimony cannot sustain his verdict because they were not criminally charged.  This contention is merely an attack on the witnesses' credibility and provides no ground for reversing Marshall's conviction.  See id. Finally, Marshall's argument that the jury improperly convicted on some counts, but reached no verdict on others, is simply a claim that the verdict was inconsistent.  Such inconsistency, of course, is not a basis for reversal.  See Finch, 16 F.3d at 230-31. Accordingly, we uphold Marshall's conviction.

B.

Marshall challenges the use of government exhibit 17-1 to enhance his sentence.  He alleges the district court improperly relied on the presentence report ("PSR") which, based on exhibit 17-1, determined the tax loss to be $2,004,961.00.[2]

Marshall claims the district court should have held an evidentiary hearing regarding the amount of loss, relying on United States v. Hammer, 3 F.3d 266 (8th Cir. 1993), cert. denied sub nom. Walkner v. United States, 114 S. Ct. 1121 (1994).  Hammer teaches that, in resolving contested issues of fact, a sentencing court may not rely on statements contained in a PSR.  3 F.3d at 272.  Rather, the government must produce "evidence sufficient to convince the Court by a preponderance of the evidence that the fact in question exists."  Id. at 272-73 (quoting United States v. Streeter, 907 F.2d 781, 791-92 (8th Cir. 1990)).  A sentencing court, however, need not hold an evidentiary hearing to resolve factual objections where, as here, the sentencing judge presided over the trial.  In such a case, the court may base its findings of fact on the trial record.  United States v. Jones, 875 F.2d 674, 676 (8th Cir.), cert. denied, 493 U.S. 862 (1989).

Here, the trial record amply supports the district court's tax loss determination.  See Jones, 875 F.2d at 676.  Marshall admitted he prepared more than 1,200 tax returns, and testified that all employees in his tax preparation business were under his control. The trial evidence showed that the returns listed in exhibit 17-1 contained the same types of discrepancies as those returns for which Marshall was convicted -- improper claims of earned income and health care credits and incorrect filing status.  Based on this

Because the PSR calculated a loss in excess of $1,500,000.00, Marshall's base offense level was 20.  See U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(O).  Marshall contends the amount of loss should have been $90,122.00, producing a base offense level of 14.  See U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(I).

-4-

evidence, the Court could have found by a preponderance of the evidence that Marshall caused, either directly or through employees under his control, the tax losses reflected in exhibit 17-1. Hammer, 3 F.3d at 272-73.  Accordingly, we affirm the sentence imposed by the district court.

### III.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.