# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2977

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Arkansas. |
| | * | |
| Chester Woulard, | * | **[UNPUBLISHED]** |
| | * | |
| Appellant. | * | |

_____

Submitted: July 24, 2001
Filed: August 1, 2001

_____

Before WOLLMAN, Chief Judge, BOWMAN, and LOKEN, Circuit Judges.

_____

PER CURIAM.

A jury found Chester Woulard guilty of knowingly and willfully making a false statement on his benefits application to the Social Security Administration (SSA), in violation of 42 U.S.C. § 1383a(a). The district court[1] sentenced Woulard to 24 months imprisonment and 3 years supervised release, imposed a fine, and ordered restitution. On appeal, Woulard's appointed counsel has filed a brief and moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), raising numerous issues, some

_____

[1]The HONORABLE GEORGE HOWARD, JR., United States District Judge for the Eastern District of Arkansas.

of which Woulard reasserts in a pro se brief. Having carefully reviewed the record, we reject each of the issues raised, and affirm.

Specifically, (1) the evidence was sufficient to support Woulard's conviction, and thus the district court did not abuse its discretion in denying his motions for acquittal and for a new trial, see United States v. Stroh, 176 F.3d 439, 440 (8th Cir. 1999) (sufficiency of evidence); United States v. James, 172 F.3d 588, 591 (8th Cir. 1999) (motion for judgment of acquittal); United States v. Goodson, 155 F.3d 963, 967 (8th Cir. 1998) (new-trial motion); (2) Woulard did not suffer an ex post facto violation by being charged with a felony, even though section 1383a(a) classified the offense only as a misdemeanor until August 1994, because the charged conduct occurred in 1996; (3) Woulard is not entitled to relief merely because the jury acquitted him on a related count, see United States v. Finch, 16 F.3d 228, 230-31 (8th Cir. 1994) (jury's province will not be invaded); (4) the district court did not violate Woulard's right of self-representation or abuse its discretion in refusing to appoint substitute counsel on the day of his trial, see United States v. Kind, 194 F.3d 900, 904-05 (self-representation), cert. denied, 528 U.S. 1180 (2000); United States v. Davidson, 195 F.3d 402, 407 (8th Cir. 1999) (substitute counsel), cert. denied, 528 U.S. 1180 and 529 U.S. 1093 (2000); (5) the court did not abuse its discretion in refusing to exclude evidence that Woulard admitted forging his wife's signature on the SSA application at issue, see Fed. R. Evid. 403, 404(b), 801(d)(2)(A); and (6) the district court did not err in imposing Woulard's sentence consecutively to a Delaware sentence he was then serving, see U.S.S.G. § 5G1.3(c), p.s., & comment. (n.3).

Having reviewed the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we have found no other nonfrivolous issues.

Accordingly, we affirm and grant counsel's motion to withdraw.

A true copy.

Attest:

        CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.