UNITED STATES of America, Appellee,

v.

Scott HAMMER, Appellant.

UNITED STATES of America, Appellee,

v.

Ricky Allen HIRSCH, Appellant.

UNITED STATES of America, Appellee,

v.

Alan J. BROWN, Appellant.

UNITED STATES of America, Appellee,

v.

Dennis G. WALKNER, Appellant.

UNITED STATES of America, Appellee,

v.

Beth HENDRIKSON, Appellant.

Nos. 92–2606, 92–2608, 92–2614, 92–2674 and 92–2678.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 15, 1993.

Aug. 23, 1993.

Rehearing and Suggestion for Rehearing En Banc Denied Oct. 18, 1993 in No. 92–2674.

John L. Lane, Cedar Rapids, IA, for appellant Hammer.

Stephen A. Swift, Cedar Rapids, IA, for appellant Hirsch.

Robert E. Walker, Fort Dodge, IA, for appellant Brown.

David P. McManus, Cedar Rapids, IA, for appellant Walkner.

David G. Thinnes, Cedar Rapids, IA, for appellant Hendrikson.

Richard L. Murphy, Cedar Rapids, IA, for appellee.

Before RICHARD S. ARNOLD, Chief Judge, FAGG and BEAM, Circuit Judges.

RICHARD S. ARNOLD, Chief Judge.

In this case five defendants, each of whom pleaded guilty, appeal their sentences for drug-related crimes. One of the principal questions presented is the constitutionality of the continuing-criminal-enterprise statute, 21 U.S.C. § 848(b), which provides for a mandatory life sentence for someone whose enterprise involves 30 kilograms of a mixture or substance containing methamphetamine. We hold that the statute is valid.

Issues are also presented as to the proper procedure to be used in sentencing under the United States Sentencing Guidelines. In *United States v. Wise*, 976 F.2d 393, 404 (8th Cir.1992) (en banc), *cert. denied,* — U.S. —, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993), we held that presentence reports are not evidence. We reaffirm that holding today. When a defendant contests facts alleged in a presentence report, and the issue is one on which the United States has the burden of proof—the proper base offense level, for example, or a factor that will enhance the sentence—the government must produce evidence sufficient to persuade the sentencing court by a preponderance of the evidence that the prosecution's position is correct.

## I.

■ After the government had examined its first witness at trial, Dennis Walkner pleaded guilty to conducting a continuing criminal enterprise, in violation of 21 U.S.C. § 848. In this statute, Congress has given the courts explicit directions on sentencing. Section 848(b) provides in pertinent part as follows:

Any person who engages in a continuing criminal enterprise shall be imprisoned for life ... if

\* \* \* \* \* \*

(2)(A) the violation referred to in subsection (d)(1) [1] of this section involved

1. Section 848 has no subsection (d)(1). This is an obvious misprint for subsection (c)(1), which

at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title....

In the case of methamphetamine, the quantity described in § 841(b)(1)(B) is 100 grams. Three hundred times 100 grams is 30,000 grams, or 30 kilograms (KG). The District Court found that Walkner's enterprise involved more than 30KG. A life sentence was therefore mandatory, and the Court duly carried out the command of Congress.

■ Walkner admitted his involvement with 27.2KG of methamphetamine. Walker Sentencing Tr. 20. The only issue of fact under Section 848, therefore, is whether the District Court clearly erred in finding that he was involved, through the continuing criminal enterprise, with at least 2.8KG more. On appeal, Walkner takes the position (as he did below) that he withdrew from the enterprise in 1989, when he "sold" his drug-dealing "franchise." This withdrawal, he says, left him short of the requisite 30KG. The District Court's finding that Walkner continued to be involved after this "sale" is not clearly erroneous. Walkner does not contest the fact that the quantity handled by the enterprise after his alleged withdrawal was sufficient to bring him up to the 30KG level. In addition, the District Court did not believe Walkner's testimony that he could not foresee that the enterprise would distribute drugs in addition to those handled by Walkner himself. This credibility determination was for the District Court to make. See Walkner Sent. Tr. 62–63. We affirm the finding that Walkner was involved with 30KG or more of methamphetamine.

■ So far as Section 848 is concerned, Walkner is left with a variety of legal arguments, urged by his appointed counsel with great industry and tenacity. He claims that the mandatory sentencing provisions of Section 848(b) violate the doctrine of separation of powers; that the statute violates the Due Process Clause of the Fifth Amendment because it fails to require written notice of the

possibility of a life sentence in the event of involvement with a certain amount of drugs;[2] that a life sentence is cruel and unusual punishment, forbidden by the Eighth Amendment; and that the District Court was without subject-matter jurisdiction because its lack of ability to choose what sentence would be appropriate destroyed any case or controversy within the meaning of Article III. We reject each of these arguments. They essentially are no more than criticisms of a legislative choice made by Congress. The people's elected representatives may, if they wish, deprive the courts of sentencing discretion by fixing the punishment for crime by statute. *Chapman v. United States*, — U.S. —, —, 111 S.Ct. 1919, 1928, 114 L.Ed.2d 524 (1991): "Congress has power to define criminal punishments without giving the courts any sentencing discretion."

Walkner's life sentence rests on two independent bases: the requirement of Section 848(b) and the District Court's computation of an offense level under the Sentencing Guidelines. Walkner makes a number of legal and factual arguments about the District Court's application of the Guidelines. It is unnecessary for us to discuss any of them. Section 848(b), whose validity we uphold, is an independent and adequate ground for the sentence. We affirm the life sentence imposed on Walkner.

## II.

■ Scott Hammer pleaded guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and was sentenced to four years and seven months in prison. His sole claim is that the District Court erred when it refused to grant him a two-level reduction under U.S.S.G. § 3B1.2(b) for being a minor participant in the offense. Specifically, he argues that his activity in the conspiracy was significantly less than that of one of his co-defendants, Penny Green, who, pursuant to an agreement with the govern-

the section does have. Walkner argues that this reference to a nonexistent subsection renders the statute void or incapable of application. We reject this argument. It is quite clear that Congress did not intend to do a vain thing, and that

(c)(1) is in fact what it had in mind. The literal terms of a statute will not be applied if they would produce an absurd or nonsensical result.

2. Walkner admits he had actual notice.

ment, was granted this reduction. In support of his claim, Hammer relies on the presentence report to show that the drug amounts he was involved with were substantially less than those of his co-defendants. (The government does not object to Hammer's use of the presentence report in this way.) This same report, however, includes information about Hammer which amply supports the District Court's decision not to grant him this reduction. Statements from Hammer himself indicate that he was involved with larger amounts of drugs than he pleaded guilty to. See Hammer PSR 47. Furthermore, Penny Green, who Hammer argued was more culpable than he, occasionally directed other customers to Hammer for narcotics or obtained narcotics from Hammer herself to distribute to other customers. Thus, we cannot say that the District Court was clearly erroneous when it found that Hammer was not substantially less culpable than Green.

### III.

Each of the remaining three appellants—Ricky Allen Hirsch, Alan J. Brown, and Beth Hendrikson—contests the procedure followed by the District Court at sentencing. (Walkner and Hammer did not make this argument.) The District Court did not require the government to call witnesses. Instead, it accepted the PSRs as presumptively true and left it open to the defendants to call witnesses to refute them if they wished. For their part, defendants argue that once they have placed in issue the statements of fact in a PSR, the government must prove by live witnesses or other reliable evidence the material facts it relies on to establish a base offense level or an enhancing factor. The government replies that defendants' position was not properly preserved in the court below, and that it is wrong on the merits, anyway.

Beth Hendrikson pleaded guilty to one count of conspiracy to distribute and to possess with the intent to distribute more than one KG of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. §§ 841(a), 841(b)(1)(A)(viii), and 846. She was sentenced to ten years in prison, which is the mandatory minimum sentence fixed by statute. The Guidelines range for her sentence was twelve years and seven months to fifteen years and eight months. The United States moved for a departure below the bottom of the Guidelines range, on account of Hendrikson's substantial assistance. It did not move for a departure below the statutory minimum. The Court granted the government's motion for departure, and therefore imposed a sentence below the bottom of the Guidelines range, but it could not go below the ten-year minimum fixed by Congress. Hendrikson's base offense level, which she does not contest, was 32. The Court added two levels because of its finding that Hendrikson possessed a dangerous weapon during the commission of the offense. U.S.S.G. § 2D1.1(b)(1). Hendrikson contests this finding on the basis of her argument, described above, that the District Court's sentencing procedure was faulty.

■ The facts of Hendrikson's case make it unnecessary to consider either the merits of this procedural argument, or whether she urged it in the District Court. Even if the point was properly preserved, and even if (as we in fact hold later in this opinion) the PSR was erroneously used as evidence, any error was harmless as to Hendrikson. Taking only the facts conceded by Hendrikson, it is clear that the finding of possession during the commission of the offense was supported by the evidence. Two guns were found in the house where Hendrikson lived. At least one of the guns was in the bedroom used by her, on a dresser, and she admitted that she knew of that gun. Inside the gun's carrying case was several hundred dollars' worth of what Hendrikson acknowledged to be drug money. Drug packages were received at the house, and methamphetamine was cut, packaged, and distributed from the house. This is enough. Guns are typical tools of the drug trade, used to protect merchandise and money. Hendrikson had easy access to at least one gun. The undisputed facts show at least constructive possession. More than the mere presence of a gun was shown. See, e.g., United States v. Haren, 952 F.2d 190, 198 (8th Cir.1991); United States v. Koonce, 884 F.2d 349, 353–54 (8th Cir.1989); United

*States v. Matra*, 841 F.2d 837, 842–43 (8th Cir.1988).

■ Hendrikson also attacks the government's failure to move for a departure below the statutory minimum. She argues that the government should be required to give a reason for not making this motion, while at the same time moving for a departure below the Guidelines. We disagree. The plea agreement between Hendrikson and the government carefully distinguished between the two kinds of departure, and left it to the discretion of the United States Attorney to "make either, neither, or both motions." Plea Agreement ¶ 26, Appellant Hendrikson's Addendum 14. Under *Wade v. United States*, ── U.S. ──, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992), a court may inquire into the government's reasons and decide whether they were constitutionally improper, but only if a defendant first makes a "substantial threshold showing" of impropriety. *Id.* ── U.S. at ──, 112 S.Ct. at 1844. This Hendrikson has not done.

We affirm Hendrikson's sentence.

## IV.

We next turn to the case of Ricky Allen Hirsch. This defendant pleaded guilty to four counts of distribution of methamphetamine and two counts of distribution of marijuana, all in violation of 21 U.S.C. § 841(a)(1). He was sentenced to five years on the two marijuana counts and 20 years on the four methamphetamine counts, the sentences to be consecutive, for a total of 25 years. The District Court fixed Hirsch's total offense level at 39 and his criminal history category at II. The Guideline range was 292 months to 365 months, so the sentence of 25 years, or 300 months, was within the range.

On appeal, Hirsch contests the base offense level, fixed by the District Court at 34, a two-point enhancement under U.S.S.G. § 3C1.1 for obstruction of justice, and a three-point enhancement under U.S.S.G. § 3B1.1(b) for being a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive. Among other things, Hirsch argues that the procedure followed by the sentencing court was contrary to law in that, after the defendant had challenged the facts alleged in the presentence report, the District Court did not conduct an evidentiary hearing at which the burden of producing evidence and of persuading the trier of fact by a preponderance was placed on the government.

■ We must first decide whether Hirsch properly raised his procedural objection in the District Court. At the oral argument, the government appeared to acknowledge that Hirsch had preserved the issue, and we agree with this conclusion in any event. In the first place, Hirsch made a timely objection to the factual accuracy of the presentence report under the procedure established by an administrative order of the United States District Court for the Northern and Southern Districts of Iowa, *In the Matter of Guideline Sentencing Procedures* (order filed March 21, 1989). In addition, at Hirsch's sentencing hearing, his lawyer clearly took the position that the government had the burden of proof, and that it had to come forward with evidence other than just a presentence report. Tr. of Sentencing Hearing 3–5. The Court rejected this position and held that when Hirsch contested, for example, the weight of methamphetamine attributed to him by the presentence report, it became Hirsch's burden to come forward with evidence to establish that he had been dealing in lesser amounts. The Court thus rejected Hirsch's argument with respect to burden and order of proof, and stated that it intended to proceed on the basis of the presentence report, representations of counsel, and any live witnesses that Hirsch himself decided to call.

■ This all occurred notwithstanding counsel's calling the Court's attention to our opinion in *United States v. Fortier*, 911 F.2d 100 (8th Cir.1990). There, we said:

A court may rely solely upon a presentence report for findings relevant to sentencing only if the facts in the presentence report are not disputed by the defendant. See *United States v. Streeter*, 907 F.2d 781, 791–92 (8th Cir.1990)....

*Fortier, supra*, 911 F.2d at 103. In the same opinion we observed that "[s]tatements of

counsel are not evidence." *Id.* at 104. *Fortier* also held that the Confrontation Clause applies at sentencing, *id.* at 103, and this holding has been overruled by the Court en banc. *United States v. Wise,* 976 F.2d 393 (8th Cir.1992), *cert. denied,* — U.S. —, 113 S.Ct. 1592, 123 L.Ed.2d 157 (1993). *Fortier* was overruled in the *Wise* opinion, at page 401, so far as it concerned the Confrontation Clause. The rule of *Fortier* and *Streeter* about use of presentence reports, however, was not overruled. In fact, it was expressly reaffirmed. The *Wise* Court stated without equivocation:

> A "presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact." *Streeter,* 907 F.2d at 791–92. The district court erred, then, in announcing that it would assume that the factual statements in ... [the] presentence report were true and that it was defense counsels' burden to prove that they were not....

*Wise,* 976 F.2d at 404. The law of this Circuit is thus clear and consistent on the subject: the Confrontation Clause does not apply at sentencing, but facts relied upon by the District Court at sentencing must be proved by a preponderance of the evidence. The burden of proof is on the government with respect to the base offense level and any enhancing factors. The burden of proof is on the defendant with respect to mitigating factors. Unless a defendant has admitted the facts alleged in a presentence report, the report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact.

These principles were violated in the present case, over an objection asserted by the defendant Hirsch in a timely fashion. His sentence must therefore be reversed, and the cause remanded for resentencing in accordance with the procedures set out in *Streeter, Fortier,* and the en banc opinion in *Wise.*

## V.

 Alan J. Brown pleaded guilty to one count of conspiracy to violate controlled-substance laws, in violation of 21 U.S.C. § 846. The District Court found that his total offense level was 37 and his criminal history category III. The Guideline range was 262 months to 327 months. A sentence of 262 months, or 21 years and ten months, was imposed. Like Hirsch, Brown filed objections to the presentence report. Under the District Court's Administrative Order, he objected to the allegations of the report pertaining to drug quantities, the number of people involved in the conspiracy, and the claim that he exchanged a gun for discharge of a drug debt. Addendum to Brown PSR (served June 2, 1992). These objections were renewed at the time of sentencing. Brown Sentencing Tr. 9–14. The government responded to these objections by relying on the presentence report. Brown Sentencing Tr. 15–21.

The government, citing *Smith v. United States,* 876 F.2d 655, 657 (8th Cir.) (per curiam), *cert. denied,* 493 U.S. 869, 110 S.Ct. 195, 107 L.Ed.2d 149 (1989), argues that Brown waived his procedural argument by not requesting an evidentiary hearing at the time of sentencing. *Smith* is not in point. In *Smith,* the defendant made certain challenges to the PSR at the time of sentencing. These were resolved against him. He then brought a postconviction proceeding under 28 U.S.C. § 2255, attempting to raise "new challenges to his PSI." ' 876 F.2d at 657. We held that "[b]ecause Smith did not raise these claims at sentencing, he is precluded from raising them in a section 2255 motion." *Ibid.* Here, on direct appeal, Brown urges only those factual challenges to the PSR that he made in the District Court. He made these objections both before and at the sentencing hearing. He did not ask for an evidentiary hearing in so many words, but under our cases a factual dispute over the PSR triggers the right to such a hearing. *Streeter,* 907 F.2d at 791–92.

 As in the case of Hirsch, the procedures required by our precedents were not followed. We again refer to *Streeter,* 907 F.2d at 791–92:

> The presentence report is not evidence and is not a legally sufficient basis for making findings on contested issues of material fact. If a defendant objects to factual allegations in a presentence report, the

Court must either state that the challenged facts will not be taken into account at sentencing, or it must make a finding on the disputed issue. See Fed.R.Crim.P. 32(c)(3)(D). If the latter course is chosen, the government must introduce evidence sufficient to convince the Court by a preponderance of the evidence that the fact in question exists.

As we have already indicated, this portion of *Streeter* was reaffirmed by the Court en banc in *Wise*, 976 F.2d at 400, 404. Once a defendant objects to the presentence report, the Court must either make a finding as to whether the disputed fact exists or state that it will not take the disputed fact into account. If it chooses to make a finding with respect to the disputed fact, it must do so on the basis of evidence, and the presentence report and statements of counsel are not evidence. Here, Brown objected to specific allegations in the presentence report and continued these objections at sentencing. The Court should have required the government to introduce evidence. Not to do so was error.

On appeal, Brown argues that the District Court erred in finding the quantity of drugs attributed to him, a factor directly affecting the base offense level, in assessing a two-level increase for possession of a gun, and in assessing a three-level increase for managerial or supervisory status. Each of these factual issues was contested by Brown in the court below. The procedure used at sentencing was not in accord with our cases, and the case must therefore be remanded for resentencing in a manner that comports with the law of this Circuit.

## VI.

The sentences of Dennis G. Walkner, Scott Hammer, and Beth Hendrikson are affirmed. The sentences of Ricky Allen Hirsch and Alan J. Brown are reversed, and their cases are remanded for resentencing proceedings consistent with this opinion.

It is so ordered.