19 F.3d 1437
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES OF AMERICA, Appellee,
v.
Lori Diane GREINER, Appellant.
 No. 93-3267.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: March 11, 1994.
Filed: March 16, 1994.
 
 Before FAGG, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Lori Diane Greiner appeals the sentence imposed by the district court[1] after she pleaded guilty to embezzlement charges. We affirm.
 
 
 2
 In March 1993, the federal grand jury charged Greiner with twenty-four counts of embezzlement and misapplication of funds belonging to United Banker's Bank ("Bank"), formerly Independent State Bank of Minnesota, in violation of 18 U.S.C. Sec. 656. Each count represented a Bank check that Greiner allegedly made payable to a fictitious or unauthorized payee, endorsed, and deposited to her personal checking account at another bank. In April 1993, Greiner entered into a plea agreement with the government wherein she agreed that she was an officer and employee of the Bank, that she embezzled and misapplied approximately $84,000 belonging to the Bank, and that she would plead guilty to one count of embezzlement.
 
 
 3
 The presentence report (PSR) stated that Greiner was an assistant vice-president at the Bank, and that she was one of a few Bank employees who had the authority to issue Bank checks and make entries to the Bank's general ledger. The PSR recommended a total offense level of 13, including a two-level increase pursuant to U.S.S.G. Sec. 3B1.3 because Greiner abused a position of trust to facilitate the crime. Greiner objected to this increase. The district court found, without an evidentiary hearing, that Greiner abused a position of trust. The court then sentenced Greiner to 12 months imprisonment, to be followed by a five-year term of supervised release, and ordered her to pay restitution in the amount of $80,556.53 and the mandatory $50.00 special assessment.
 
 
 4
 Greiner now argues that the district court erred in increasing her base offense level for abuse of a position of trust, and in making findings with regard to disputed facts in the PSR without holding an evidentiary hearing.
 
 
 5
 This court reviews a district court's upward adjustment pursuant to section 3B1.3 under a clear-error standard. United States v. Brelsford, 982 F.2d 269, 273 (8th Cir. 1992). The Guidelines allow for a two-level enhancement "[i]f the defendant abused a position of public or private trust, or used a special skill, in a manner that significantly facilitated the commission or concealment of the offense." U.S.S.G. Sec. 3B1.3.
 
 
 6
 At sentencing, Greiner essentially conceded she occupied a position of trust, but argued her position did not facilitate commission of the offense because any of the persons who worked in her department could have embezzled in the same manner she did, and because she did not embezzle from an account over which she had "trust" responsibilities. Greiner does not dispute, however, that she was one of a few employees authorized to make entries in the general ledger and write Bank checks. The fact that certain other employees could similarly make entries and write checks does not lessen Greiner's culpability or negate the enhancement. The question is not whether any Bank employee with similar authority could have committed the crime, but whether she-as compared to other Bank employees-was in a superior position to commit the crime as a result of a trust relationship. See, e.g. United States v. Lieberman, 971 F.2d 989, 994 (3d Cir. 1992).
 
 
 7
 Likewise, it does not matter that Greiner may have embezzled funds from an account over which she did not have supervisory control. That she was able to embezzle on twenty-four occasions over a nineteen-month period belies her claim that the position of trust which she held did not facilitate commission of the offense. See Lieberman, 971 F.2d at 993. As a result, we conclude that the record amply supports the district court's findings that Greiner abused her position of trust to facilitate her embezzlement.
 
 
 8
 Finally, while it is well established that a district court may not rely on factual statements in the PSR to which the defendant has objected, see United States v. Hammer, 3 F.3d 266, 272 (8th Cir. 1993), cert. denied, 1994 WL 18465 (1994), we conclude that the district court did not err by failing to hold an evidentiary hearing because the enhancement was justified by undisputed facts.
 
 
 9
 Accordingly, the sentence imposed by the district court is affirmed.
 
 
 
 [1]
 The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota