_____

No. 95-2504
_____

United States of America,          *
                                    *
          Appellee,                 *
                                    *
     v.                             *  Appeal from the United States
                                    *  District Court for the
Frank Orlando Hogan, also known     *  District of Minnesota.
as David Harris,                    *
                                    *          [UNPUBLISHED]
          Appellant.                *


_____

          Submitted:  January 2, 1996

             Filed:  January 8, 1996
_____

Before BOWMAN, BEAM, and MURPHY, Circuit Judges.
_____

PER CURIAM.

     Frank Orlando Hogan appeals the 188-month sentence imposed by
the District Court[1] after he pleaded guilty to violating 21 U.S.C.
§ 841(a)(1) (1994) by aiding and abetting the possession of cocaine
base with intent to distribute.  We affirm.

     Acting on a tip from a confidential informant, St. Paul police
officers stopped a vehicle being driven by Stanley Huff, in which
Hogan was the sole passenger.  The police recovered almost 500
grams of crack cocaine--84.99 grams in the snow by the passenger
side of the car and 410.86 grams in fifteen separate packages in a
duffel bag in the trunk.  The police also found a loaded semi-
automatic handgun on the driver's side floorboard.

_____

     [1]The Honorable Richard H. Kyle, United States District Judge
for the District of Minnesota.

During a post-arrest interview, Hogan denied any involvement with the crack found in the car, but said his fingerprints might be found on the gun.  Hogan later informed the probation officer who prepared his presentence report (PSR) that he came to Minnesota from California, where he had met Huff, to help Huff distribute the crack.  Hogan's PSR contained a recommendation for a two-level dangerous-weapon enhancement under U.S.S.G. § 2D1.1(b)(1) (1994).  Hogan objected, contending there was no objective evidence that he knew the gun was present in the car.  In support, Hogan relied on United States v. Cochran, 14 F.3d 1128, 1133 (6th Cir. 1994) (requiring objective evidence that defendant passenger knew weapon found under driver's seat was present in car, or at least knew it was reasonably probable that co-conspirator driver would be armed).  The District Court found that Hogan possessed the gun, based on his proximity to it and his statement about his fingerprints, and overruled his objection.

The Guidelines provide for a two-level enhancement if the defendant possessed a firearm.  U.S.S.G. § 2D1.1(b)(1).  The government must prove by a preponderance of the evidence that it was not "clearly improbable that the weapon was connected with" Hogan's criminal activity, see U.S.S.G. § 2D1.1, comment. (n.3.).  See also United States v. Hammer, 3 F.3d 266, 272 (8th Cir. 1993) (discussing burden of proof), cert. denied, 114 S. Ct. 1121 (1994).  We review for clear error the District Court's finding that Hogan possessed the gun.  See United States v. Richmond, 37 F.3d 418, 419 (8th Cir. 1994), cert. denied, 115 S. Ct. 1163 (1995).

The gun was found in close proximity to a large amount of crack, which Hogan admitted he was going to help Huff distribute.  Hogan's admission that his fingerprints may have been on the gun supports an inference that he was aware of the gun's existence.  Moreover, Hogan admitted he was aware of Huff's drug activities, and firearms are tools of the drug trade.  Thus, we reject Hogan's contention that it was not reasonably foreseeable to him that Huff

-2-

would possess the gun in furtherance of their criminal activity. See United States v. Turpin, 920 F.2d 1377, 1386-87 (8th Cir. 1990) (gun's location in car from which drugs were sold supported conclusion that gun was connected to offense), cert. denied, 499 U.S. 953 (1991). The facts in this case distinguish it from Cochran, 14 F.3d at 1129-30, 1132-33, where the defendant accompanied his cousin on a trip by car to buy drugs and was unaware that his cousin's wife had hidden a gun under the driver's seat of the car. We conclude the District Court did not clearly err in finding that Hogan possessed the gun.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.