_____

No. 95-3840NE
_____

United States of America,                 *
                                           *
                    Appellee,              *     Appeal from the United States
                                           *     District Court for the District
        v.                                 *     of Nebraska.
                                           *
Jack Shelly,                               *     [UNPUBLISHED]
                                           *
                    Appellant.             *
_____

Submitted:  April 23, 1996

Filed:  April 26, 1996
_____

Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
_____


PER CURIAM.


        Jack Shelly appeals his drug-related guidelines sentence.  Based on
evidence that a loaded Beretta handgun, some marijuana, a scale, a
strainer, and drug-packaging equipment were found in Shelly's bedroom, the
district court assessed a firearm-possession enhancement under U.S.S.G.
§ 2D1.1(b)(1) (1994).  The district court then denied Shelly's motion under
U.S.S.G. § 5K2.0, for a downward departure and sentenced Shelly to 57
months imprisonment and four years supervised release.  Shelly argues the
district court committed error in assessing the § 2D1.1(b)(1) enhancement
and denying his downward departure motion.  We disagree and affirm.


        For the firearm-possession enhancement to apply, the government must
prove by a preponderance of the evidence "it is not clearly improbable that
the weapon had a nexus with criminal activity." United States v. Richmond,
37 F.3d 418, 419 (8th Cir. 1994), cert. denied, 115 S. Ct. 1163 (1995).
After carefully

reviewing the record, we cannot conclude the district court's finding the government had met its burden is clearly erroneous.  See id. (standard of review); cf. United States v. Williams, 10 F.3d 590, 595-96 (8th Cir. 1993) (where residence was used for drug dealing, sufficient nexus existed between weapon found in second-floor bedroom and drugs found in first-floor kitchen); United States v. Hammer, 3 F.3d 266, 270 (8th Cir. 1993) (presence of guns in house where drugs were packaged and sold was sufficient), cert. denied, 114 S. ct. 1121 (1994).

Finally, the district court's statements at sentencing indicate the judge was aware of his authority to depart under § 5K2.0.  Thus, the district court's refusal to do so is an unreviewable exercise of discretion.  See United States v. Edgar, 971 F.2d 89, 92-93 (8th Cir. 1992).

We affirm Shelly's guidelines sentence.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.