83 F.3d 425
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellee,
v.
Jack SHELLY, Appellant.
 No. 95-3840NE.
 United States Court of Appeals, Eighth Circuit.
 Submitted: April 23, 1996.
Filed: April 26, 1996.
 
 Before FAGG, BOWMAN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jack Shelly appeals his drug-related guidelines sentence. Based on evidence that a loaded Beretta handgun, some marijuana, a scale, a strainer, and drug-packaging equipment were found in Shelly's bedroom, the district court assessed a firearm-possession enhancement under U.S.S.G. § 2D1.1(b)(1) (1994). The district court then denied Shelly's motion under U.S.S.G. § 5K2.0, for a downward departure and sentenced Shelly to 57 months imprisonment and four years supervised release. Shelly argues the district court committed error in assessing the § 2D1.1(b)(1) enhancement and denying his downward departure motion. We disagree and affirm.
 
 
 2
 For the firearm-possession enhancement to apply, the government must prove by a preponderance of the evidence "it is not clearly improbable that the weapon had a nexus with criminal activity." United States v. Richmond, 37 F.3d 418, 419 (8th Cir.1994), cert. denied, 115 S.Ct. 1163 (1995). After carefully reviewing the record, we cannot conclude the district court's finding the government had met its burden is clearly erroneous. See id. (standard of review); cf. United States v. Williams, 10 F.3d 590, 595-96 (8th Cir.1993) (where residence was used for drug dealing, sufficient nexus existed between weapon found in second-floor bedroom and drugs found in first-floor kitchen); United States v. Hammer, 3 F.3d 266, 270 (8th Cir.1993) (presence of guns in house where drugs were packaged and sold was sufficient), cert. denied, 114 S. ct. 1121 (1994).
 
 
 3
 Finally, the district court's statements at sentencing indicate the judge was aware of his authority to depart under § 2K2.0. Thus, the district court's refusal to do so is an unreviewable exercise of discretion. See United States v. Edgar, 971 F.2d 89, 92-93 (8th Cir.1992).
 
 
 4
 We affirm Shelly's guidelines sentence.