**UNITED STATES of America, Appellee,**

v.

**Milton Gary MARSHALL, Appellant.**

**No. 96–1065.**

United States Court of Appeals,
Eighth Circuit.

Submitted June 11, 1996.

Decided Aug. 19, 1996.

Frederick G. Harrelson, Texarkana, AR, for appellant.

David N. Blackorby, Fort Smith, AR, for appellee.

Before MORRIS SHEPPARD ARNOLD and FLOYD R. GIBSON, Circuit Judges, and ROSENBAUM,* District Judge.

ROSENBAUM, District Judge.

Milton Gary Marshall was convicted, in August, 1995, of preparing fraudulent tax returns. He appeals the district court's denial of his motion for judgment of acquittal and the court's calculation of his base offense level under the United States Sentencing Guidelines. We affirm the judgment of the district court.[1]

## I.

On June 14, 1995, a federal grand jury returned a 60–count indictment charging Marshall with aiding or assisting in the preparation of false or fraudulent income tax returns. *See* 26 U.S.C. § 7206(2). During the five-day trial, the government moved to dismiss 18 counts of the indictment. On August 18, 1995, a jury found Marshall guilty of 17 counts. The jury was unable to reach a verdict on the remaining 25 counts, which were subsequently dismissed at the time of sentencing.

On December 8, 1995, the district court sentenced Marshall to 51 months imprisonment under the federal Sentencing Guidelines, based on a total tax loss of $2,004,-961.00. This calculation was based on government exhibit 17–1, which summarized all tax returns bearing Marshall's tax preparer number filed between 1991 and 1993. Exhibit 17–1 was not admitted at trial because it included tax returns prepared by two of Marshall's employees.

---

* The HONORABLE JAMES M. ROSENBAUM, United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Harry Barnes, United States District Judge for the Western District of Arkansas.

The exhibit was, however, accepted for sentencing purposes after the district court found it reflected Marshall's relevant conduct.

## II.

### A.

Marshall appeals the denial of his motion for judgment of acquittal. He argues the evidence was insufficient to convict, the individual taxpayers who testified against him were not credible, and the verdict was equivocal.

■■■ Evidence is sufficient to sustain a conviction if, viewed in the light most favorable to the government, it offers substantial support for the verdict. *Glasser v. United States,* 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942); *United States v. Marin–Cifuentes,* 866 F.2d 988, 992 (8th Cir.1989). It is axiomatic that we do not "pass upon the credibility of witnesses or the weight to be given their testimony." *United States v. Witschner,* 624 F.2d 840, 843 (8th Cir.1980) (citing *Stanley v. Henderson,* 597 F.2d 651, 653 (8th Cir.1979)). Further, this court will not upset a conviction merely because the jury's verdict may have been inconsistent. *United States v. Finch,* 16 F.3d 228, 230–31 (8th Cir.1994).

■■■ The evidence here was sufficient to convict Marshall of preparing fraudulent tax returns. Fourteen individual taxpayers testified concerning Marshall's preparation of their returns. Based on their testimony, the jury could well find that Marshall listed fictitious dependents, improperly reported filing status, or improperly claimed earned income or health care credits for one or another taxpayer. The taxpayers testified they did not see their returns before filing and were unaware of the inaccuracies. Finally, the taxpayers testified that Marshall paid them their refunds in cash, and, as such, they did not know their refunds were larger than the sum they received.

This evidence is sufficient to sustain the jury's verdict. Marshall's own testimony that he did not know the returns were false was clearly rejected. Such rejection is not subject to review. *Witschner,* 624 F.2d at 843.

■■■ Marshall further claims that the taxpayers' testimony cannot sustain his verdict because they were not criminally charged. This contention is merely an attack on the witnesses' credibility and provides no ground for reversing Marshall's conviction. *See id.* Finally, Marshall's argument that the jury improperly convicted on some counts, but reached no verdict on others, is simply a claim that the verdict was inconsistent. Such inconsistency, of course, is not a basis for reversal. *See Finch,* 16 F.3d at 230–31. Accordingly, we uphold Marshall's conviction.

### B.

■■■ Marshall challenges the use of government exhibit 17–1 to enhance his sentence. He alleges the district court improperly relied on the presentence report ("PSR") which, based on exhibit 17–1, determined the tax loss to be $2,004,961.00.[2]

■■■ Marshall claims the district court should have held an evidentiary hearing regarding the amount of loss, relying on *United States v. Hammer,* 3 F.3d 266 (8th Cir. 1993), *cert. denied sub nom. Walkner v. United States,* 510 U.S. 1139, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994). *Hammer* teaches that, in resolving contested issues of fact, a sentencing court may not rely on statements contained in a PSR. 3 F.3d at 272. Rather, the government must produce "evidence sufficient to convince the Court by a preponderance of the evidence that the fact in question exists." *Id.* at 272–73 (quoting *United States v. Streeter,* 907 F.2d 781, 791–92 (8th Cir. 1990)). A sentencing court, however, need not hold an evidentiary hearing to resolve factual objections where, as here, the sentencing judge presided over the trial. In

---

2. Because the PSR calculated a loss in excess of $1,500,000.00, Marshall's base offense level was 20. *See* U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(O). Marshall contends the amount of loss should have been $90,122.00, producing a base offense level of 14. *See* U.S.S.G. §§ 2T1.4(a)(1) and 2T4.1(I).

such a case, the court may base its findings of fact on the trial record. *United States v. Jones,* 875 F.2d 674, 676 (8th Cir.), *cert. denied,* 493 U.S. 862, 110 S.Ct. 177, 107 L.Ed.2d 133 (1989).

Here, the trial record amply supports the district court's tax loss determination. *See Jones,* 875 F.2d at 676. Marshall admitted he prepared more than 1,200 tax returns, and testified that all employees in his tax preparation business were under his control. The trial evidence showed that the returns listed in exhibit 17–1 contained the same types of discrepancies as those returns for which Marshall was convicted—improper claims of earned income and health care credits and incorrect filing status. Based on this evidence, the Court could have found by a preponderance of the evidence that Marshall caused, either directly or through employees under his control, the tax losses reflected in exhibit 17–1. *Hammer,* 3 F.3d at 272–73. Accordingly, we affirm the sentence imposed by the district court.

### III.

The judgment of the district court is affirmed.