United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-3947

_____

United States of America,          *
                                   *
          Appellee,                *
                                   *
     v.                            *
                                   *
Jimmy A. Walker,                   *
                                   *
          Appellant.               *

_____                        Appeals from the United States
                                   District Court for the
No. 96-4218                        Eastern District of Missouri.
_____                              [UNPUBLISHED]

Jimmy A. Walker,                   *
                                   *
          Appellant,               *
                                   *
     v.                            *
                                   *
United States of America,          *
                                   *
          Appellee.                *

                           _____

                 Submitted: June 26, 1997

                   Filed:  July 7, 1997

                           _____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

Jimmy A. Walker challenges the 78-month sentence imposed by the district court[1] on resentencing for a drug offense after his firearm conviction had been vacated in light of Bailey v. United States, 116 S. Ct. 501, 506 (1995). We affirm.

Walker argues that the district court clearly erred when it imposed a two-level enhancement under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) for possessing firearms because the government failed to prove the firearms discovered in his apartment were connected to his drug offense. We disagree. Walker was using his residence to distribute crack and powder cocaine, and five firearms (four of which were loaded) were found behind a couch in his living room. See United States v. Williams, 10 F.3d 590, 595-96 (8th Cir. 1993) (where residence was used for drug dealing, sufficient nexus existed between weapon found in second-floor bedroom and drugs found in first-floor kitchen); United States v. Hammer, 3 F.3d 266, 270 (8th Cir. 1993) (presence of guns in house where drugs were packaged and sold is sufficient), cert. denied, 510 U.S. 1139 (1994).

Walker also argues that the district court improperly sentenced him for possessing cocaine base, as the government failed to prove that the substance seized from his apartment was crack cocaine. See U.S. Sentencing Guidelines Manual § 2D1.1(c), Note (D) (1995) (defining "cocaine base" as "crack," which in turn is defined as "the street name for a form of cocaine base, usually prepared by processing cocaine hydrochloride and sodium bicarbonate, and usually appearing in a lumpy, rocklike form"); id. App. C, amend. 487 (stating that "forms of cocaine base other than

_____

[1]The Honorable George F. Gunn, United States District Judge for the Eastern District of Missouri.

crack (e.g., coca paste . . .) will be treated as cocaine"). We conclude, however, that the district court did not clearly err in determining the government had proved by a preponderance of the evidence that the drug at issue was crack. See United States v. Williams, 97 F.3d 240, 243 (8th Cir. 1996) (standard of review). A police officer opined at Walker's resentencing hearing that a rocklike substance discovered in Walker's apartment was crack, a lab report identified the substance as cocaine base, and Walker did not introduce evidence to the contrary. See United States v. Wilson, 103 F.3d 1402, 1407 (8th Cir. 1997); United States v. Williams, 982 F.2d 1209, 1212 (8th Cir. 1992). The court's finding is also supported by Walker's assent at his plea hearing to the court's repeated references to the drug offense as involving "crack cocaine." See United States v. Abdul, No. 96-3419, 1997 WL 311572, at *2 (7th Cir. June 10, 1997) (Lay, J., sitting by designation).

Walker has also filed a pro se notice of appeal challenging the district court's denial of his ineffective-assistance-of-counsel claim based on his previous counsel's alleged refusal to file a notice of appeal after his original sentencing. We note that Walker appears to have abandoned this claim on appeal. In any event, we conclude the district court's finding that Walker agreed not to appeal after consulting with his previous counsel is not clearly erroneous. See United States v. Adipietro, 983 F.2d 1468, 1472 (8th Cir. 1993).

The judgments are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT

-3-