**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 98-4732

DAVID DANIELS, a/k/a Three,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
James H. Michael, Jr., Senior District Judge.
(CR-97-22)

Submitted: June 22, 1999

Decided: July 13, 1999

Before WILLIAMS, MOTZ, and KING,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Frank A. Mika, Waynesboro, Virginia, for Appellant. Robert P.
Crouch, Jr., United States Attorney, Ray B. Fitzgerald, Jr., Assistant
United States Attorney, Charlottesville, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

David Daniels pled guilty to conspiracy to distribute crack cocaine, see 21 U.S.C. § 846 (1994), and received a sentence of 240 months imprisonment.**1** Daniels appeals the district court's denial of his motion to withdraw his guilty plea and its decision that it lacked authority to depart below the guideline range pursuant to U.S. Sentencing Guidelines Manual § 5K2.0, p.s. (1997), or to inquire into the government's decision not to move for a departure pursuant to USSG § 5K1.1, p.s. He also challenges the constitutionality of the federal sentencing guidelines, statutory minimum sentences, and § 5K1.1. We affirm.

In his plea agreement, Daniels stipulated that he was responsible for 150-500 grams of crack. The agreement provided that Daniels had a prior felony drug conviction and was subject to an enhanced sentence. For the stipulated amount of crack, the mandatory sentence was 240 months. See 21 U.S.C.A. § 841(b)(1)(A) (West 1981 & Supp. 1999). The agreement also provided that Daniels would have the opportunity to cooperate and that the government would determine in its discretion whether Daniels' cooperation had been substantial and whether it would move for a departure under 18 U.S.C.A. § 3553(e) (West Supp. 1999) or § 5K1.1. Daniels' guideline range was 151-188 months, but the twenty-year statutory minimum sentence under 21 U.S.C.A. § 841(b)(1)(A) increased the guideline range to 240 months. See USSG § 5G1.1(b).

Although Daniels was interviewed after his guilty plea, the government did not consider his cooperation substantial, at least in part because his previous deception would have made him a problematic witness. Six months after his guilty plea, on the day he was scheduled to be sentenced, Daniels orally moved to withdraw his plea. He stated that he had been presented with the plea agreement five minutes before the Fed. R. Crim. P. 11 hearing and had not fully understood

_____

**1** Daniels' true name is John Samuel Judd III. His identity was revealed through a fingerprint check done by the Federal Bureau of Investigation before he entered his guilty plea.

2

the plea colloquy or the significance of his plea. After continuing sentencing to review the transcript of the Rule 11 hearing, the district court denied Daniels' motion to withdraw his guilty plea.

When sentencing resumed at a later hearing, Daniels' attorney requested a departure under § 5K2.0, arguing that his client's being subject to a twenty-year mandatory sentence because of a prior drug conviction at age seventeen was a factor not considered by the Sentencing Commission, or under § 5K1.1, for substantial assistance. The district court held that § 5K2.0 did not give it authority to depart below a statutory minimum sentence and that, without a motion from the government, it lacked authority to depart for substantial assistance. The court imposed the mandatory 240-month sentence.

We consider first the district court's denial of Daniels' motion to withdraw his guilty plea. The decision to grant a motion to withdraw a guilty plea is reviewed for abuse of discretion. See United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). The factors to be considered are (1) whether the defendant has offered credible evidence that his guilty plea was not knowing or voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether the defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. Id. Prejudice to the government is not considered until the defendant establishes a fair and just reason for withdrawing the plea. See United States v. Haley, 784 F.2d 1218, 1219 (4th Cir. 1986).

Daniels did not assert his innocence and he waited over six months after entering his guilty plea before he moved to withdraw it. He asserted, in effect, that his plea was not knowing or voluntary; however, Daniels answered affirmatively all the questions designed to make sure that he understood what he was doing and the consequences of his guilty plea. He did not ask for more time to consider the agreement. He did not allege that his attorney had failed to keep him informed about the plea negotiations or had been otherwise deficient in representing him. Therefore, we find that the district court did

3

not abuse its discretion in denying Daniels' motion to withdraw his guilty plea.

Daniels next contends that the Sentencing Commission failed to take into account that a defendant might receive an enhanced sentence for a conviction sustained as a juvenile and that the district court had authority to depart below the guideline range and the statutory minimum sentence under USSG § 5K2.0. Because the district court's decision not to depart was based on its belief that it lacked authority to depart, the issue is reviewable on appeal. See United States v. Brock, 108 F.3d 31, 33 (4th Cir. 1997). A sentencing court may not depart below a mandatory minimum sentence unless the government moves for such a departure based on substantial assistance, see 18 U.S.C.A. § 3553(e) (West Supp. 1999),**2** or under the safety valve provision, see 18 U.S.C.A. § 3553(f). Neither avenue was available to the district court in this case. Consequently, the district court did not err in finding that it lacked authority to depart under § 5K2.0.

Daniels' contention that the district court could have departed under USSG § 5K1.1 because he provided substantial assistance is also without merit. If the government has not obligated itself to move for a substantial assistance departure under the terms of the plea agreement, the district court may not depart for substantial assistance or inquire into the government's decision not to move for a departure unless the defendant has made a "substantial threshold showing" that the government's decision was based on an unconstitutional motive. Wade v. United States, 504 U.S. 181, 185-86 (1992). Daniels claims that the government entered into the plea agreement with an unconstitutional motive--to deprive him of a jury trial by convincing him to try to earn a substantial assistance motion which was never a possibility because the government knew at the time that Daniels had lied about his identity and would not make a reliable witness. However, Daniels did not offer any evidence of unconstitutional motive on the part of the government in the district court and the court held that there had been "no indication whatever" of bad faith. We find that Daniels did not make the substantial threshold showing necessary to

_____

**2** A motion pursuant to § 5K1.1 alone does not permit the court to depart below a mandatory minimum sentence. See Melendez v. United States, 518 U.S. 120, 124 (1996).

4

warrant judicial inquiry into the government's decision not to move for a departure. Lacking the motion, the district court did not have authority to consider a departure.

Finally, Daniels raises two issues for the first time on appeal. Both are necessarily reviewed under the plain error standard. See United States v. Olano, 507 U.S. 725, 732 (1993) (when issue unpreserved, appellant must show that an error occurred which was plain, affected his substantial rights, and must be corrected to preserve fairness, integrity, or public reputation of judiciary). Daniels first contends that § 5K1.1 usurps judicial powers relative to sentencing by giving unbridled authority to the prosecutor. The constitutionality of the guidelines as a whole has been upheld by the Supreme Court. See Mistretta v. United States, 488 U.S. 361 (1989). Consequently, the district court did not commit plain error in failing to find § 5K1.1 unconstitutional. Daniels also claims that the sentencing guidelines and mandatory minimum sentences violate the separation of powers doctrine in that legislative action has reduced judicial powers. Again, under Mistretta, we find no plain error. In addition, this court has held that § 5K1.1 does not violate the separation of powers doctrine. See United States v. Francois, 889 F.2d 1341, 1345 (4th Cir. 1989). Moreover, mandatory minimum sentences do not violate the doctrine of separation of powers. See United States v. Hammer, 3 F.3d 266, 269 (8th Cir. 1993) (citing Chapman v. United States, 500 U.S. 453, 467 (1991)); United States v. Kinsey, 83 F.2d 383, 393 (9th Cir. 1988).

We therefore affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5