# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-4077
_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Joseph J. Little, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: June 4, 2003
Filed: June 10, 2003

_____

Before BOWMAN, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

Joseph J. Little challenges the sentence the District Court[1] imposed after he pleaded guilty to making a false statement in attempting to acquire a firearm, in violation of 18 U.S.C. § 922(a)(6) (2000); and to making a false statement to a federally licensed firearms dealer, in violation of 18 U.S.C. § 924(a)(1)(A) (2000). At sentencing, the District Court denied Little's motion for a downward departure and sentenced him to concurrent prison sentences of ninety-two months and sixty months, to be followed by three years of supervised release.

_____

[1]The Honorable Rodney W. Sippel, United States District Judge for the Eastern District of Missouri.

On appeal, counsel has filed a brief under <u>Anders v. California</u>, 386 U.S. 738, 744 (1967), arguing that the District Court should have granted the requested downward departure, which was based on Little's extraordinary physical impairments (sickle-cell anemia and severe osteoporosis).  After careful review of the record, we conclude that the District Court recognized its authority to depart and that its decision not to depart was purely discretionary; thus, we will not review it.  <u>See</u> <u>United States v. Orozco-Rodriguez</u>, 220 F.3d 940, 942 (8th Cir. 2000).

Little also has filed a pro se brief raising several arguments, which we reject seriatim as meritless.  First, the government was under no obligation to supply the court with information in support of Little's motion to depart.  <u>See</u> <u>United States v. Hammer</u>, 3 F.3d 266, 272 (8th Cir. 1993) (noting that "burden of proof is on defendant with respect to mitigating factors" at sentencing), <u>cert. denied</u>, 510 U.S. 1139 (1994).  Second, Little did not object to the Court's plea-hearing statement that his sentences could be imposed consecutively and, even assuming arguendo that the statement was erroneous, we see no indication that Little's substantial rights were affected.  <u>See</u> <u>United States v. Vonn</u>, 535 U.S. 55, 58-59 (2002) (defendant who allows an error under Rule 11 of the Federal Rules of Criminal Procedure to pass without objection in trial court must satisfy Rule 52(b)'s plain-error requirement and show that the error affected defendant's substantial rights).  Finally, Little did not object when the District Court increased his offense level by two levels based on his failure to appear at the first change-of-plea hearing; we see no plain error in this § 3C1.1 enhancement.  <u>See</u> U.S.S.G. § 3C1.1, cmt. n.4(e) (2002) (enhancement applies when defendant willfully fails to appear, as ordered, for judicial proceeding); <u>United States v. Montanye</u>, 996 F.2d 190, 192 (8th Cir. 1993) (en banc) (plain-error standard of review applies when issues are not raised in district court).

Upon reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 82-84 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.