12-4004-cr
*United States v. Longale*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand and thirteen.

PRESENT:  JOHN M. WALKER, Jr.,
  PIERRE N. LEVAL,
  RICHARD C. WESLEY,

  *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

  *Appellee,*

  -v.-  12-4004-cr

RONALD LONGALE, AKA SEALED DEFENDANT,

  *Defendant-Appellant.*

_____

FOR APPELLANT: JOHN A. CIRANDO, D.J. & J. A. CIRANDO, ESQS., Syracuse, NY.

FOR APPELLEE: CRAIG A. BENEDICT, ELIZABETH S. RIKER, Assistant United States Attorneys *of Counsel*, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from the United States District Court for the Northern District of New York (Hurd, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of the United States District

Court for the Northen District of New York is **AFFIRMED**.

Defendant-Appellant Ronald Longale appeals from a judgment by the

United States District Court for the Northern District of New York (Hurd, *J.*)

imposing a sentence of 78 months' imprisonment and three years' supervised

release following Longale's guilty plea to being a felon in possession of firearms

in violation of 18 U.S.C. § 922(g) and § 924(a)(2). The district court calculated a

Sentencing Guidelines range of 63-78 months after finding a Base Offense Level

of 20 and a Criminal History Category of 6 was warranted in light of Longale's

prior conviction of a "crime of violence," burglary in the third degree in violation

of New York law, and his possession of the firearms. We assume the parties'

familiarity with the underlying facts, the procedural history, and the issues

presented for review.

"We review the district court's interpretations of the Sentencing Guidelines de novo and its related findings of fact for clear error." *United States v. Cain*, 671 F.3d 271, 301 (2d Cir. 2012). Longale argues that burglary in the third degree should not have been considered a "crime of violence." This argument is foreclosed by our precedent, specifically *United States v. Brown*, 514 F.3d 256, 268-69 (2d Cir. 2008)(concluding that "third-degree burglary in violation of New York law [is] a crime of violence within the meaning of Guidelines § 4B1.2(a)(2)"), which binds this court. *See United States v. Jass*, 569 F.3d 47, 58 (2d Cir. 2009). Because he was previously convicted of a "crime of violence," Longale is ineligible for specific offense reduction pursuant to § 2K2.1(b)(2). We further decline to find that the district court erred in finding a heightened Criminal History Category; deciding not to depart from the Guideline's range due to Longale's physical impairments; or that it was improper in its consideration of 18 U.S.C. § 3553(a) factors.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk