**UNITED STATES of America, Appellee,**

v.

**Gloria RODRIGUEZ–OCHOA; Rosa Martinez–Simental, Appellants.**

**No. 98–2962EA.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 4, 1999.

Decided Feb. 24, 1999.

Gwendolyn D. Hodge, Asst. U.S. Attorney, Little Rock, AR, argued (Paula J. Casey, on the brief), for Appellee.

John Wesley Hall, Jr., Little Rock, AR, argued (William A. McLean, on the brief), for Appellant.

Before McMILLIAN, RICHARD S. ARNOLD, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

RICHARD S. ARNOLD, Circuit Judge.

Gloria Rodriguez–Ochoa and Rosa Martinez–Simental appeal the sentences imposed by the District Court[1] following their guilty pleas to possession of a controlled substance with intent to deliver, in violation of 21 U.S.C. § 841(a)(1). According to Ms. Rodriguez–Ochoa's presentence report, she was the driver and Martinez–Simental was a passenger in a vehicle stopped for speeding; a consensual search of the vehicle revealed 11.41 kilograms of methamphetamine. Before sentencing, defendants jointly moved for a downward departure under U.S. Sentencing Guidelines Manual § 5K2.0, p.s. (1998), based on their claim that they mistakenly believed that they were transporting marijuana, not methamphetamine. At the sentencing hearing, the District Court denied the motion; sentenced Ms. Rodriguez–Ochoa to 10 years' imprisonment, the statutory minimum, followed by 5 years' supervised release; and sentenced Ms. Martinez–Simental to 5 years' and 10 months' imprisonment followed by 5 years' supervised release. The shorter sentence was imposed on Ms. Martinez–Simental because she had no criminal history and therefore qualified for a "safety valve" reduction in sentence. See U.S.S.G. § 5C1.2.

On appeal, defendants argue that the Guidelines did not contemplate a mistake of fact such as theirs, and thus it should be the basis for a downward departure under section 5K2.0. We disagree. The Sentencing Commission explicitly considered the effect of a drug defendant's mistake of fact on his or her sentencing accountability. See U.S. Sentencing Guidelines Manual § 1B1.3, comment. (n.2(a)(1)) (1998). The District Court correctly concluded here that it could not depart on that basis. The crime to which defendants pleaded guilty was a violation of 21 U.S.C. § 841(a)(1), possessing a controlled substance (*any* controlled substance) with the intent to distribute it. The nature of the controlled substance becomes relevant only as a sentencing factor. See 21 U.S.C. § 841(b)(1)(A)(viii) (mandatory minimum of ten years for certain quantities of methamphetamine). *Cf. United States v. Strange,* 102 F.3d 356, 359–61 (8th Cir.1996) (irrelevant that defendants thought they were transporting marijuana instead of cocaine).

As the District Court said, there is a sense in which the sentence can be described as unfair. But "it is certainly within the province of Congress to resolve that there is some deterrent value in exposing a drug trafficker to liability for the full consequences, both expected and unexpected, of his own unlawful behavior." *Id.* at 361.

Affirmed.

---

1. The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.