# United States Court of Appeals
## For the Eighth Circuit
_____

No. 20-1127
_____

United States of America

*Plaintiff - Appellee*

v.

Maxwell J. Podgorski

*Defendant - Appellant*
_____

Appeal from United States District Court
for the District of Nebraska - Omaha
_____

Submitted: November 16, 2020
Filed: December 11, 2020
[Unpublished]
_____

Before BENTON, ERICKSON, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Maxwell James Podgorski pled guilty, without a plea agreement, to possession with intent to distribute cocaine and marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1). The district court[1] sentenced him below the guidelines

---

[1] The Honorable Brian C. Buescher, United States District Judge for the District of Nebraska.

to 15 months in prison.  He appeals.  Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Podgorski believes the district court erred in holding him responsible for possession of cocaine.  Specifically, he argues the court erred by "relying solely on statements of a probation officer to make a factual finding that was at issue in the case."  This court reviews for clear error.  *State v. Smith*, 49 F.3d 362, 365 (8th Cir. 1995).

At his plea hearing, Podgorski acknowledged his guilt only as to possession of marijuana.  Although he admitted that officers found cocaine in his car, he denied "knowingly or intentionally possessing" it.  The presentence investigation report concluded he possessed both marijuana and cocaine.  The court overruled Podgorski's objection to this finding.

At sentencing, the government offered no additional evidence that Podgorski possessed cocaine with the intent to distribute it.  However, the district court found that because Podgorski admitted there was cocaine in his car, "the issue of whether he should be found responsible for it under the guidelines is a legal," not factual question.  Podgorski argued the government could not "prove what he knew at the time when the drugs were put in the car."

"Once a defendant objects to the presentence report, the Court must either make a finding as to whether the disputed fact exists or state that it will not take the disputed fact into account.  If it chooses to make a finding with respect to the disputed fact, it must do so on the basis of evidence, and the presentence report and statements of counsel are not evidence."  *United States v. Hammer*, 3 F.3d 266, 273 (8th Cir. 1993).  Here, there were no relevant disputed facts.  Podgorski admitted he had cocaine in his car and did not challenge the amount.  Rather, he asserted only that he had no knowledge of the cocaine and did not agree to transport it.

The district court did not err in considering Podgorski's possession of cocaine as a relevant sentencing factor because he admitted the cocaine was in his car.  In *United States v. Strange*, this court held that a defendant who arranged for a shipment of marijuana also was responsible for a shipment of cocaine even though he was unaware of it. *See United States v. Strange*, 102 F.3d 356, 358-361 (8th Cir. 1996). Like the defendant in *Strange*, Podgorski "embarked upon this behavior with the requisite criminal intent and with every expectation of receiving some type of illegal drug to distribute" and is accordingly "accountable at sentencing for the full quantity of all illegal drugs located within" his car. *Id.* at 361 ("While we recognize full well that this could, in some cases, result in what might appear to be disproportionate sentences, it is certainly within the province of Congress to resolve that there is some deterrent value in exposing a drug trafficker to liability for the full consequences, both expected and unexpected, of his own unlawful behavior."). *See United States v. Rodriguez-Ochoa*, 169 F.3d 529, 530 (8th Cir. 1999) (holding irrelevant the defendants' belief that they were transporting marijuana rather than cocaine because under 21 U.S.C. § 841(a)(1) the "nature of the controlled substance becomes relevant only as a sentencing factor"). *See also* U.S.S.G. § 1B1.3 cmt. n.4(A)(i) (noting that a defendant who "transports a suitcase knowing that it contains a controlled substance" can be held responsible for possession of controlled substances "regardless of his knowledge or lack of knowledge of the actual type or amount of that controlled substance").

\* \* \* \* \* \* \*

The judgment is affirmed.

_____